Stephen R. FINCHER, Susan R. Fincher, and Baxstep Investments, Inc., Appellants,

v.

BOARD OF ADJUSTMENT OF THE CITY OF HUNTERS CREEK VILLAGE, Appellee.

No. 01–00–00512–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 23, 2001.

Rehearing Overruled Oct. 11, 2001.

Robert Plessala, Cokinos, Bosien & Young, Houston, for Appellants.

John J. Hightower, Olson & Olson, Houston, for Appellee.

Panel consists of Justices COHEN, BRISTER, and SMITH.*

## OPINION

BRISTER,** Justice.

This is a suit for judicial review of a zoning dispute. Appellants Stephen R. Fincher, Susan R. Fincher, and Baxstep Investments, Inc. ("the Finchers") challenge the May 20, 1996 decision of appellee Board of Adjustment of the City of Hunters Creek Village. The parties proceeded to trial and presented evidence, and based on that evidence the trial court concluded the Finchers did not exhaust their administrative remedies under Local Govern-

ment Code chapter 211 and the City's zoning ordinance. Based on that conclusion, the trial court further concluded it lacked subject-matter jurisdiction and thus dismissed the suit. Although we agree the Finchers did not exhaust their administrative remedies, we conclude the trial court had subject-matter jurisdiction and should have rendered a judgment on the merits. Accordingly, we reverse and render judgment on the merits that the Finchers take nothing.

In April 1995, the City's building inspector rejected the Finchers' plans for a covered porch or carport[1] as a violation of the City's zoning ordinance. In March 1996, the inspector discovered that the Finchers were proceeding with construction, and he ordered them to a halt.

The Finchers applied to the Board of Adjustment for a variance, which was denied on April 15, 1996. On April 25, 1996, the Finchers asked the Board to interpret the zoning ordinance in a way that would not apply to their structure. The Board discussed this matter on May 20, 1996, but took no action, although the minutes reflect that it was the consensus of the members that the Finchers' interpretation was incorrect.

The Finchers filed suit for judicial review on May 30, 1996. The case was called to trial in September 1999, at which time trial was recessed for 60 days for settlement negotiations and submission of briefs regarding the jurisdictional challenge raised by the Board. On January 27, 2000, the trial court dismissed the case for lack of subject-matter jurisdiction, holding that the Finchers "have failed to

---

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

** The Honorable Scott Brister, who became Chief Justice of the Fourteenth Court of Ap-

peals on July 16, 2001, continues to participate by assignment for the disposition of this case, which was submitted on June 11, 2001.

1. The parties disagree whether the structure is a covered porch or a carport. We will refer to it merely as the "structure."

pursue and exhaust their administrative remedies under Chapter 211 of the Texas Local Government Code and the zoning ordinance of the City of Hunters Creek."

The Local Government Code authorizes municipalities to establish boards of adjustment and provides for judicial review of board decisions. TEX. LOC. GOV'T CODE ANN. §§ 211.008–.011 (Vernon 1999 & Supp.2001). A person aggrieved by the decision of a local administrative official, *i.e.*, a building inspector, may appeal to the board within a reasonable time as determined by the board's rules. *Id.* at § 211.010(a), (b). The City's zoning ordinance provides that such an appeal must be made within 30 days. HUNTERS CREEK VILLAGE, TEX., ORDINANCE 340, § 12–2 (May 20, 1980). To obtain judicial review, a person aggrieved by the decision of a board must "present" a verified pleading to the trial court within ten days after the board's decision is filed in the board's office.[2] TEX. LOC. GOV'T CODE ANN. § 211.011(a), (b) (Vernon Supp.2001).

The Board's position is that the Finchers should have appealed to the Board from the building inspector's April 1995 rejection of their building plans. Because they did not, the Board argues that they failed to exhaust their administrative remedies, and thus the trial court lacked subject-matter jurisdiction.

After the trial court's dismissal of this case on jurisdictional grounds, the Texas Supreme Court held that failure to comply with statutory requirements to bring suit should not be treated as jurisdictional, but as an issue the parties may raise on the merits. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76–77 (Tex.2000). Thus, even though the parties and the trial court framed the issue as whether the trial court

had subject-matter jurisdiction, we consider it as a question of whether the Finchers established their right under the code and ordinance to go forward with this suit. *Id.* at 76.

We agree with the trial court that they did not establish their right. In their suit, the Finchers challenged only the Board's "decision" of May 20, 1996. Indeed, they could challenge no other because of the ten-day statutory limit. TEX. LOC. GOV'T CODE ANN. § 211.011(b). Yet the Board minutes reflect no decision on that date. Nor was the Board required to act on that date, as the action the Finchers sought was already time barred. In their April 25, 1996 letter, they stated, "This request for interpretation is being presented to the Board of Adjustment because the Building Inspector has a difference of opinion as to Item 26 [the relevant portion of the zoning ordinance] interpretation and has turned down my request. . . ." The Finchers, however, were "aggrieved" when their building permit was denied in April 1995. They could not extend indefinitely the period for appeal to the Board by later reframing it as a request for an interpretation.

We reverse the trial court's judgment dismissing the case for lack of subject-matter jurisdiction and render judgment on the merits that the Finchers take nothing. *See* TEX.R.APP. P. 43.2(c) (court of appeals may render judgment trial court should have rendered).

---

2. A suit for judicial review under Local Government Code section 211.011 is not governed by the Administrative Procedures Act because a local board of adjustment is not a "state agency" for purposes of the APA. *See* TEX. GOV'T CODE ANN. §§ 2001.003(7), .171 (Vernon 2000).