**HARRIS COUNTY EMERGENCY SERVICES DISTRICT # 1, Appellant,**

v.

**Robert E. MILLER, Appellee.**

No. 01–00–00846–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 23, 2003.

Gerald K. Payte, Janice Payte Oviatt, Payte & Kologinczak, P.C., Houston, for appellant.

Teresa L. De Ford, Rathwell & Nizialek, The Woodlands, Timothy Cox Anderson, Austin, for appellee.

Panel consists of Chief Justice RADACK and Justice DUGGAN.* Former Chief Justice MICHAEL H. SCHNEIDER, who retired from the Court before the issuance of this opinion, did not participate in this decision.

## OPINION

LEE DUGGAN, JR., Justice (Retired).

Appellant, Harris County Emergency Services District #1 (HCESD), a state political subdivision, appeals the district court's order dismissing with prejudice its petition for judicial review of an award of benefits to appellee, Robert E. Miller, by the Texas Workers' Compensation Commission ("TWCC"). HCESD asserts four issues on appeal, contending that the trial

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

court erred in entering its order impliedly finding that it lacked either personal jurisdiction over Miller or subject matter jurisdiction over HCESD's appeal. We reverse the trial court's order of dismissal and render judgment that HCESD take nothing.

## Factual Background

While working as a paramedic for HCESD's Emergency Medical Service (EMS) Rapid Response Team, Miller injured his back while lifting a patient and became disabled for approximately 17 months. After his injury, Miller learned that HCESD did not provide workers' compensation insurance benefits under any of the three options mandated by the Labor Code. TEX. LAB.CODE ANN. § 504.011(1)-(3) (Vernon 1996).[1] HCESD initially claimed it did not comply because of an oversight and paid Miller some medical expenses and benefits, but eventually stopped paying him.

### A. The Benefit–Review Conference

Miller filed a TWCC claim for benefits and income, which HCESD did not challenge. The hearing officer at the benefit-review conference[2] determined that (1) Miller had sustained a compensable injury in the course and scope of his employment; (2) HCESD became a self-insurer by de-

fault because it was required to provide workers' compensation benefits to its employees, but did not; and (3) HCESD owed Miller medical expenses and income benefits.

### B. The Contested–Case Hearing

HCESD challenged the benefit-review conference decision at a TWCC contested-case hearing,[3] disputing TWCC's jurisdiction to order compensation because HCESD was a non-subscriber. The TWCC contested-case hearing decision overruled the benefit-review conference determination and ruled, in part,[4] that: (1) HCESD had wilfully and intentionally failed to comply with the provisions of the Labor Code mandating workers' compensation benefits; (2) HCESD nevertheless did not become a self-insurer and was not liable to Miller; and (3) TWCC had neither jurisdiction nor venue to hear the case. Miller timely appealed the contested-case hearing decision to the TWCC Appeals Panel. See TEX. LAB.CODE ANN. § 410.202(a) (Vernon 1996) (Request for Appeal; Response).

### C. The TWCC Appeals Panel

HCESD did not respond to Miller's appeal to the TWCC Appeals Panel, although it was required by statute to do so. See TEX. LAB.CODE ANN. § 410.202(b) (Vernon

---

1. Section 504.011 imposes a mandatory duty on a political subdivision to provide workers' compensation benefits to its employees. See TEX. LAB.CODE ANN. § 504.011 ("A political subdivision shall extend workers' compensation benefits to its employees ...."). Section 504.011 further provides that the political subdivision has but three possible alternatives to comply with this duty, as follows: "(1) becoming a self-insurer; (2) providing insurance under a workers' compensation policy; or (3) entering into an interlocal agreement with other political subdivisions providing for self-insurance." TEX. LAB.CODE ANN. § 504.011(1)-(3).

2. See TEX. LAB.CODE ANN. § 410.021-.034 (Vernon 1996 & Supp.2003) (governing benefit-review conferences).

3. See TEX. LAB.CODE ANN. § 410.151 (Vernon 1996) ("Contested Case Hearing; Scope"); TEX. LAB.CODE ANN. § 410.169 (Vernon 1996) ("Effect of Decision").

4. TWCC also ruled that Miller's injury was compensable and that HCESD had waived any challenge to compensability by not contesting it within 60 days after notice of Miller's injury.

1996). TWCC Appeals Panel No. 112 issued a decision determining that: (1) TWCC had jurisdiction to hear the appeal; (2) venue was proper; (3) HCESD was required to provide workers' compensation coverage for its employees; and (4) having failed to provide insurance under a workers' compensation policy or to enter into an inter-local agreement with other political subdivisions to provide self-insurance, as authorized by the Code, HCESD automatically, or by default, extended these benefits to Miller by becoming a self-insurer. *See* TEX. LAB.CODE ANN. § 504.011(1)-(3). The Appeals Panel reinstated the benefit-review conference's earlier compensable-injury determination and ordered HCESD to pay medical and income benefits in accordance with the Labor Code and TWCC rules.

### D. This Litigation

HCESD timely filed its petition in the district court for judicial review to set aside the TWCC Appeals Panel's decision and to obtain declaratory relief.[5] *See* TEX. LAB.CODE ANN. § 410.252 (Vernon 1996) ("A party may seek judicial review by filing suit not later than the 40th day after ... the decision of the appeals panel ...."). *See also* TEX. LAB.CODE ANN. § 504.011(1) (self-insurer method of providing coverage).

Miller filed a pleading in the district court styled "Plea to Jurisdiction and Original Answer of Defendant Robert E. Miller Subject Thereto," asserting that the trial court lacked both personal and subject matter jurisdiction over him. Following the hearing on the plea to the jurisdiction, the trial court granted Miller's motion and dismissed HCESD's case with prejudice.

The record on appeal contains no reporter's record of the hearing, and the trial court's order of dismissal states no basis for the ruling.

HCESD's fourth issue is dispositive of the appeal, and we proceed to consideration of that issue, in which HCESD asserts that the district court erred in holding that HCESD failed to exhaust its administrative remedies within the TWCC by not filing a response to Miller's appeal to the TWCC Appeals Panel.

### Judicial Review of TWCC Appeals

■ An agency's enabling legislation determines the procedures for obtaining review of agency decisions. *Texas Natural Resource Conservation Comm'n v. Sierra Club*, 70 S.W.3d 809, 811 (Tex.2002). The Labor Code creates a modified trial de novo procedure that applies only to judicial review of TWCC actions involving "eligibility for ... income ... benefits." TEX. LAB.CODE ANN. § 410.301(a) (Vernon 1996); *see Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex.1999).

■ Miller's motion to dismiss pled, among other grounds urging lack of subject matter jurisdiction, that HCESD failed to exhaust its administrative remedies by failing to file a response to Miller's request for review of the contested-case hearing officer's decision with the TWCC Appeals Panel. Shortly before the trial court dismissed HCESD's case with prejudice on jurisdictional grounds, the supreme court issued its opinion in *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71(Tex.2000). Under *Kazi*, lack of compliance with statutory prerequisites to bringing suit should no longer be treated as jurisdictional, but as an issue the parties may raise on the

---

**5.** The declaratory relief sought was a construction of the Texas Labor Code and related statutes and rules and a declaration that (1) HCESD was not a self-insurer at the time in

question and (2) that the TWCC did not have jurisdiction or power to order HCESD to pay medical and income benefits to Miller for his alleged injuries.

merits in determining whether the party bringing suit has established its right to proceed under the statute. *Id.* at 76–77; *see Fincher v. Board of Adjustment,* 56 S.W.3d 815, 817 (Tex.App.-Houston [1st Dist.] 2001, no pet.).

Labor Code Section 410.251, entitled "Exhaustion of Remedies," provides the following description of a party entitled to judicial review:

A party that has [1] exhausted its administrative remedies under this subtitle and that [2] is aggrieved by a final decision of the appeals panel may seek judicial review under this subchapter and Subchapter G, if applicable.

TEX. LAB.CODE ANN. § 410.251 (Vernon 1996) (brackets added).

HCESD acknowledges that Labor Code section 410.202(b) states that, as respondent, HCESD "shall" file a response to the appellant's (Miller's) request for review and concedes that it did not. *See* TEX. LAB.CODE ANN. § 410.202(b). However, HCESD argues, the Labor Code "does not require this response as a prerequisite to judicial review or prescribe any sanctions or penalties if the prevailing party does not do so." We disagree and agree with the trial court that HCESD did not establish its right to proceed under section 410.251 of the Labor Code because HCESD did not comply with section 410.202(b) and (c) by filing a response to Miller's request for review before the TWCC Appeals Panel.

Labor Code Section 410.202(c) required that both Miller's request for appeal for the TWCC Appeals Panel and HCESD's mandatory section 410.202(b) response "must clearly and concisely rebut or support the decision of the hearing officer on each issue on which review is sought." *See* TEX. LAB.CODE ANN. § 410.202(b) (Vernon 1996).

■ As stated in *Ankrom v. Dallas Cowboys Football Club, Ltd.,* 900 S.W.2d 75 (Tex.App.-Dallas 1995, writ denied):

When the worker's compensation statute directs that action be taken in a certain way, it may be performed in no other manner.... The provisions of the statute with respect to the successive steps in the progress and maturity of a claim are mandatory, and the provisions of the statute must be complied with or an action is not maintainable in the courts. *See Sanchez v. Aetna Casualty & Sur. Co.,* 543 S.W.2d 888, 889 (Tex.Civ.App.-San Antonio 1976, writ ref'd n.r.e.); *Castillo v. Allied Ins. Co.,* 537 S.W.2d 486, 487 (Tex.Civ.App.-Amarillo 1976, writ ref'd n.r.e.).

*Id.* at 78.

■ HCESD's failure or refusal to comply with sections 410.202(b) and (c) of the Labor Code interfered with the mandatory "successive steps in the progress and maturity of [Miller's] claim." *See Ankrom,* 900 S.W.2d at 78. For us to sanction HCESD's conduct would be to make it optional with a party before the TWCC whether to participate before the appeals panel in its conduct of its statutory function. The vitality and thoroughness of the agency review process will be diluted if parties are allowed the option to participate or not in the successive phases. We hold that, by not complying with sections 410.202(b) and (c) within the TWCC, HCESD failed to establish its right to proceed to seek judicial review under section 410.251 of the Labor Code. The trial court correctly concluded that HCESD failed to exhaust its administrative remedies, but that failure is no longer a bar to subject-matter jurisdiction under *Kazi. See id.* at 76–77; *Fincher,* 56 S.W.3d at 817. Accordingly, the trial court should have rendered judgment that HCESD take

nothing rather than dismiss HCESD's case for lack of subject-matter jurisdiction.

HCESD's fourth issue is overruled.

### Conclusion

We reverse the trial court's order of dismissal for lack of subject-matter jurisdiction and render judgment on the merits that HCESD take nothing.