**HARRIS COUNTY EMERGENCY SERVICES DISTRICT # 1, Appellant,**

v.

**Robert E. MILLER, Appellee.**

**No. 01–00–00846–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 7, 2003.

Gerald K. Payte, Janice Payte Oviatt, Payte & Kologinczak, P.C., Houston, for appellant.

Teresa L. De Ford, Rathwell & Nizialek, The Woodlands, Timothy Cox Anderson, Austin, for appellee.

On original submission, panel consisted of Chief Justice RADACK, Justice DUGGAN,* and former Chief Justice SCHNEIDER.**

## OPINION ON EN BANC RECONSIDERATION

LEE DUGGAN, JR, Justice (Retired).

Appellant, Harris County Emergency Services District # 1 (HCESD), a state political subdivision, appeals the district court's order dismissing with prejudice its petition for judicial review of an award of benefits to appellee, Robert E. Miller, by the Texas Workers' Compensation Commission (TWCC). On January 23, 2003, this Court issued an opinion reversing the trial court's order of dismissal. In an order dated February 26, 2003, however, this Court, en banc and on its own motion, granted reconsideration of this appeal. *See* TEX.R.APP. P. 49.7. This Court's for-

mer judgment of January 23, 2003 is vacated, set aside, and annulled, and we withdraw our previous opinion of that date and substitute this opinion in its stead.

HCESD asserts four issues on appeal, contending that the trial court erred in entering its order impliedly finding that it lacked either personal jurisdiction over Miller or subject-matter jurisdiction over HCESD's appeal. We reverse the trial court's order of dismissal for lack of subject-matter jurisdiction and render judgment, on the merits, that HCESD take nothing.

## Background

While working as a paramedic for HCESD's Emergency Medical Service (EMS) Rapid Response Team, Miller injured his back lifting a patient. He became disabled for approximately 17 months. After his injury, Miller learned that HCESD did not provide workers' compensation insurance benefits under any of the three options mandated by the Labor Code. TEX. LAB.CODE ANN. § 504.011(1)-(3) (Vernon 1996).[1] Initially, HCESD claimed that it did not comply because of an oversight and paid Miller some medical expenses and benefits, but eventually stopped paying him.

### A. The Benefit–Review Conference

Miller filed a TWCC claim for benefits and income, which claims HCESD did not

---

\* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

\*\* The Honorable Michael H. Schneider, former Chief Justice, Court of Appeals, First District of Texas at Houston, was appointed as a Justice of the Supreme Court of Texas, resigned as Chief Justice of this Court on September 6, 2002, and did not participate in the judgment of the en banc Court in this case, which was submitted before that date.

1. Section 504.011 imposes a mandatory duty on a political subdivision to provide workers'

compensation benefits to its employees. *See* TEX. LAB.CODE ANN. § 504.011 ("A political subdivision shall extend workers' compensation benefits to its employees...."). Section 504.011 further provides that the political subdivision has but three alternatives to comply with this duty, as follows: "(1) becoming a self-insurer; (2) providing insurance under a workers' compensation policy; or (3) entering into an interlocal agreement with other political subdivisions providing for self-insurance." *Id.* § 504.011(1)-(3).

challenge. The hearing officer at the benefit-review conference[2] determined that (1) Miller had sustained a compensable injury in the course and scope of his employment; (2) HCESD became a self-insurer by default because it was required to provide workers' compensation benefits to its employees, but did not; and (3) HCESD owed Miller medical expenses and income benefits.

## B. The Contested–Case Hearing

HCESD challenged the decision of the benefit-review conference at a TWCC contested-case hearing,[3] disputing TWCC's jurisdiction to order compensation on the basis that HCESD was a non-subscriber. In its contested-case-hearing decision, the TWCC overruled the determination of the benefit-review conference and ruled, in part,[4] that (1) HCESD had wilfully and intentionally failed to comply with the provisions of the Labor Code mandating workers' compensation benefits; (2) HCESD nevertheless did not become a self-insurer and was not liable to Miller; and (3) TWCC had neither jurisdiction nor venue to hear the case. Miller timely appealed the contested-case hearing decision to the TWCC Appeals Panel. *See* Tex. Lab.Code Ann. § 410.202(a) (Vernon 1996) ("Request for Appeal"; "Response").

## C. The TWCC Appeals Panel

HCESD did not file a response to Miller's appeal to the TWCC Appeals Panel, although it was required by statute to do so. *See* Tex. Lab.Code Ann. § 410.202(b) (Vernon 1996). TWCC Appeals Panel No. 112 issued a decision determining that (1) TWCC had jurisdiction to hear the appeal; (2) venue was proper; (3) HCESD was required to provide workers' compensation coverage for its employees; and (4) having failed to provide insurance under a workers' compensation policy or to enter into an interlocal agreement with other political subdivisions to provide self-insurance, as authorized by the Code, HCESD automatically, or by default, extended these benefits to Miller as a self-insurer. *See* Tex. Lab.Code Ann. § 504.011(1)-(3). The Appeals Panel reinstated earlier compensable-injury determination of the benefit-review conference and ordered HCESD to pay medical and income benefits in accordance with the Labor Code and TWCC rules.

## D. This Litigation

HCESD timely filed its petition in the district court for judicial review to set aside the TWCC Appeals Panel's decision and to obtain declaratory relief.[5] *See* Tex. Lab.Code Ann. § 410.252 (Vernon 1996) ("A party may seek judicial review by filing suit not later than the 40th day after ... the decision of the appeals panel ...."); *see also id.* § 504.011(1) (providing for self-insurer method of providing coverage).

---

2. *See* Tex. Lab.Code Ann. § 410.021–.034 (Vernon 1996 & Supp.2003) (governing benefit-review conferences).

3. *See* Tex. Lab.Code Ann. § 410.151 (Vernon 1996) ("Contested Case Hearing; Scope"); *id.* § 410.169 (Vernon 1996) ("Effect of Decision").

4. TWCC also ruled that Miller's injury was compensable and that HCESD had waived any challenge to compensability by not contesting that determination within 60 days after notice of Miller's injury.

5. The declaratory relief sought was a construction of the Texas Labor Code and related statutes and rules and a declaration that (1) HCESD was not a self-insurer at the time in question and that (2) the TWCC did not have jurisdiction or power to order HCESD to pay medical and income benefits to Miller for his alleged injuries.

Miller filed a pleading in the district court styled "Plea to Jurisdiction and Original Answer of Defendant Robert E. Miller Subject Thereto," asserting that the trial court lacked both personal and subject-matter jurisdiction over him. Following the hearing on the plea to the jurisdiction, the trial court granted Miller's motion and dismissed HCESD's case with prejudice. The record on appeal contains no reporter's record of the hearing, and the trial court's order of dismissal states no basis for the ruling.

In its fourth issue, which is dispositive of this appeal, HCESD asserts that the district court erred by impliedly holding that HCESD failed to exhaust its administrative remedies within the TWCC by not filing a response to Miller's appeal to the TWCC Appeals Panel.

### Judicial Review of TWCC Decisions

■ An agency's enabling legislation determines the procedures for obtaining review of agency decisions. *Tex. Natural Res. Conservation Comm'n v. Sierra Club*, 70 S.W.3d 809, 811 (Tex.2002). The Labor Code creates a modified trial de novo procedure that applies only to judicial review of TWCC actions involving "eligibility for . . . income . . . benefits." TEX. LAB.CODE ANN. § 410.301(a) (Vernon 1996); *see Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex.1999).

■ Parties have no absolute right to challenge an administrative order; the right of judicial review arises only when (1) a statute creates it, (2) the order adversely affects a vested property right, or (3) the order otherwise violates a constitutional right. *See Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 599 (Tex.2001); *cf. Dep't of Protective & Regulatory Servs. v. Schutz*, 101 S.W.3d 512, 522 (Tex.App.-Houston [1st Dist.] 2002, no pet. h.) ("No right of judicial review from the action of an administrative agency exists unless a statute provides for such review, the action violates constitutional procedural due process, or the constitution waives the state's immunity from suit.").

### HCESD Failed to Exhaust its Administrative Remedies

Miller's motion to dismiss pled, among other grounds urging lack of subject-matter jurisdiction, that HCESD failed to exhaust its administrative remedies by failing to file a response to Miller's request for review of the contested-case hearing officer's decision with the TWCC Appeals Panel. Although required to do so by section 410.202(b) of the Labor Code, HCESD did not respond to Miller's appeal to the TWCC Appeals Panel. *See* TEX. LAB.CODE ANN. § 410.202(b). By failing to respond to Miller's appeal to the Appeals Panel, HCESD failed to comply with one of the "successive steps in the progress and maturity of [Miller's] claim" mandated by the Labor Code and thus failed to exhaust its administrative remedies. *See Lumbermens Mut. Cas. Co. v. Manasco*, 971 S.W.2d 60, 62 (Tex.1998); *Ankrom v. Dallas Cowboys Football Club, Ltd.*, 900 S.W.2d 75, 78, 79–80 (Tex.App.-Dallas 1995, writ denied). Under prior law, a party's failure to exhaust its administrative remedies deprived the trial court of jurisdiction to consider challenges to the administrative body's determinations. *See Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084 (1926), *overruled, Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex.2000); *Dallas Cowboys Football Club, Ltd.*, 900 S.W.2d at 79–80.

### *Dubai Petroleum Co. v. Kazi* Overruled *Mingus*

A. **Failure to Exhaust Administrative Remedies No Longer Per Se Jurisdictional**

■ In *Dubai Petroleum Co. v. Kazi*, the supreme court held that foreign-citizen

plaintiffs' burden to demonstrate "equal treaty rights" with the United States was not a jurisdictional prerequisite to their filing suit but a condition on which their right to relief depended. *Id.,* 12 S.W.3d at 76–77. In reaching this holding, the supreme court overruled *Mingus* to the extent that *Mingus* held that a trial court categorically lacks subject-matter jurisdiction over a controversy when a party has failed to comply with the requirements of a statute. *See Kazi,* 12 S.W.3d at 76. After *Kazi,* therefore, failure of a party to comply with statutory requirements will no longer categorically constitute a jurisdictional bar to review of an agency determination. *See id.; Helton v. R.R. Comm'n,* No. 01–01–01007–CV, 126 S.W.3d 111, 118, 2003 WL 21299819 (Tex.App.-Houston [1st Dist.] June 5, 2003, no pet. h.); *Sierra Club v. Tex. Natural Res. Conservation Comm'n,* 26 S.W.3d 684, 688 (Tex.App.-Austin 2000) (*Sierra Club I* ), *aff'd on other grounds,* 70 S.W.3d 809 (Tex.2002). Rather, lack of compliance with statutory prerequisites will, in certain instances, affect only the plaintiff's right to relief. *See Kazi,* 12 S.W.3d at 76. By removing the jurisdictional bar as an absolute, while acknowledging that the bar sometimes will and sometimes will not apply, the *Kazi* court implicitly recognized that some statutory prerequisites will remain jurisdictional. *See id.*

██ As this Court noted recently in *Helton,* the opinion of the Third Court of Appeals in *Sierra Club I* provides a workable distinction between statutory requirements that trigger jurisdictional implications after *Kazi* and those that do not. *See Helton,* 126 S.W.3d at 118 (citing *Sierra Club I,* 26 S.W.3d at 688). If a statutory requirement "defines, enlarges, or restricts the class of cause the [trial] court may decide or the relief the court may award," the requirement is jurisdictional.

*Helton,* 126 S.W.3d at 118 (citing *Sierra Club I,* 26 S.W.3d at 688). If the statutory requirement does none of these, it is but a condition on which the plaintiff's right to relief depends. *Helton,* 126 S.W.3d at 118 (citing *Sierra Club I,* 26 S.W.3d at 687).

## B. Lack of Compliance with Labor Code § 410.202(b) not Jurisdictional Here

██ Under well-settled precedent, compliance with a statutory requirement is not necessarily jurisdictional, even if mandatory. *See Albertson's, Inc. v. Sinclair,* 984 S.W.2d 958, 961 (Tex.1999). When, as here, a statute is silent about the consequences of noncompliance, we look to the purpose of the statute to determine those consequences. *Id.* Moreover, when construing the Labor Code in conducting this inquiry, we must interpret the statute liberally "to carry out its evident purpose of compensating injured workers and their dependents." *Id.*

██ Although they predate the supreme court's *Kazi* decision, two other recent supreme court decisions suggest that *Kazi* mandates rendition of a take-nothing judgment in Miller's favor on the merits, rather than dismissal of HCESD's suit for want of jurisdiction. As here, both decisions interpreted provisions of the Labor Code governing suits for judicial review.

In *Albertson's, Inc. v. Sinclair,* the supreme court construed section 410.252(a) of the Labor Code, which requires that a party seeking judicial review "simultaneously" file a copy of its petition with the court and the TWCC and serve any opposing party. *Albertson's, Inc.,* 984 S.W.2d at 960; Tex. Lab.Code Ann. § 410.252(a) (Vernon 1996). The worker had served the TWCC two days after having filed his petition in his suit for judicial review. *Al-*

*bertson's, Inc.,* 984 S.W.2d at 959. The trial court concluded that the simultaneous-service requirement was both mandatory and jurisdictional and dismissed the claimant-worker's suit for judicial review for want of jurisdiction. *Id.* at 959–60. The Texarkana Court of Appeals reversed, holding that the trial court erred by dismissing for want of jurisdiction, and remanded the cause for further proceedings on the worker's suit for judicial review. *Sinclair v. Albertson's, Inc.,* 975 S.W.2d 662, 667 (Tex.App.-Texarkana 1998), *aff'd,* 984 S.W.2d 958 (Tex.1999). In affirming the judgment of the court of appeals, the supreme court agreed that the requirement of simultaneous filing was mandatory, but reasoned that the liberal construction mandated in interpreting the Labor Code precluded holding that the requirement was jurisdictional. *Id.,* 984 S.W.2d at 961. The Labor Code's lack of stated consequences for lack of compliance was an additional factor that weighed against holding that the simultaneous-filing requirement was jurisdictional. *Id.*

*Lumbermens Mut. Cas. Co. v. Manasco,* 971 S.W.2d 60, 62 (Tex.1998), is much like the instant case. There, the claimant-worker did not complete all steps of the administrative-appeal process, but instead sought judicial review of a hearing officer's contested-case determination of the worker's impairment rating directly in district court. 971 S.W.2d at 62. The supreme court concluded that the party seeking judicial review, in that case the claimant-worker, did not exhaust his administrative remedies and therefore could not reopen the issue of his impairment rating in the district court. *Id.*

In reversing the court of appeals, however, the supreme court did not instruct the trial court to dismiss the worker's suit for judicial review for want of jurisdiction, but instead rendered judgment that the claimant-worker take nothing. *Id.* Under *Manasco,* therefore, a party's failure to exhaust its administrative remedies by complying with all steps of the administrative-appeals process does not "[go] to the question of [the trial court's] jurisdiction" to consider the suit for judicial review. *See Kazi,* 12 S.W.3d at 77. Rather, a party's failure to exhaust its administrative remedies by complying with all steps of the administrative-appeals process "[goes] in reality to the right of the appealing party to relief" and not to "the jurisdiction of the court to afford" that relief. *See id.*

Section 410.202(b) of the Labor Code states no consequences that will follow from failure of a party to comply with the mandatory requirements of the statute. *See id. Albertson's, Inc.,* instructs that a statute's lack of stated consequences is a factor that militates against a conclusion that lack of compliance with the statute's requirements will deprive the trial court of jurisdiction to consider the suit for judicial review. *See id.* at 962. Moreover, section 410.202(b) must be construed liberally to carry out the evident purpose of the Labor Code—to compensate injured workers. *Albertson's, Inc.,* 984 S.W.2d at 961–62. Achieving the finality afforded by judgment on the merits is consistent not only with this purpose, but also with the finality considerations that prompted the supreme court's decision in *Kazi. See id.* at 76 ("[T]he modern direction of policy is to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction.").

We conclude that the trial court correctly reached its implied conclusion that HCESD failed to exhaust its administrative remedies. After reconciling *Kazi* with *Albertson's, Inc.,* and *Manasco,* we further conclude that, by not complying with Sections 410.202(b) and (c) within the TWCC, HCESD failed to establish its right to

proceed to seek judicial review under section 410.251 of the Labor Code, but that, in accordance with *Kazi*, this failure did not preclude the trial court from exercising subject-matter jurisdiction over HCESD's suit for judicial review. Because HCESD had failed to establish its right to proceed, the trial court should have rendered judgment, on the merits, that HCESD take nothing, instead of dismissing HCESD's suit for judicial review for lack of subject-matter jurisdiction. Dismissing HCESD's suit for judicial review for want of jurisdiction would not only implicitly reward HCESD for opting out of the judicial-review process, but would also preclude Miller from obtaining a final disposition. The vitality and thoroughness of the agency-review process will fast be diluted if parties are allowed the option to participate or not in the successive phases.

## Conclusion

We reverse the trial court's order of dismissal for lack of subject-matter jurisdiction and render judgment on the merits that HCESD take nothing.

En banc reconsideration was requested on the Court's own motion.

A majority of the justices of the Court voted in favor of reconsidering the case en banc.

The en banc court on reconsideration consists of Chief Justice RADACK and Justices HEDGES, TAFT, NUCHIA JENNINGS, KEYES, ALCALA, HANKS, HIGLEY, and DUGGAN.

Justice DUGGAN, writing for the majority of the en banc Court on reconsideration, joined by Chief Justice RADACK and Justices TAFT, NUCHIA, KEYES, ALCALA, and HANKS.

Justice HEDGES, dissenting, joined by Justice HIGLEY.

Justice JENNINGS, not participating and dissenting from denial of sua sponte motion to withdraw en banc consideration.

ADELE HEDGES, Justice, dissenting on en banc reconsideration.

I respectfully dissent. It is undisputed that HCESD did not file a written response to Miller's written request for appeal, as required by subsection (b) of the Labor Code. TEX. LAB.CODE ANN. § 410.202(b) (Vernon 1996).[1] The inquiry is whether subsection (b) is jurisdictional or whether it is merely an irregularity going to preservation of error in the trial court.

I believe that failure to comply with subsection (b) deprives the trial court of subject-matter jurisdiction to review the decision of the appeals panel. I also believe that subsection (a) is jurisdictional.[2] *See Morales v. Employers Cas. Co.*, 897 S.W.2d 866, 868 (Tex.App.-San Antonio

---

1. Section 410.202 of the Labor Code provides as follows:

   (a) To appeal the decision of a hearing officer, a party shall file a written request for appeal with the appeals panel not later than the 15th day on which the decision of the hearing officer is received from the division and shall on the same date serve a copy of the request for appeal on the other party.
   (b) The respondent shall file a written response with the appeals panel not later than the 15th day after the date on which the copy of the request for appeal is served and shall on the same date serve a copy of the response on the appellant.
   (c) A request for appeal or a response must clearly and concisely rebut or support the decision of the hearing officer on each issue on which review is sought.
   TEX. LAB.CODE ANN. § 410.202 (Vernon 1996).

2. Just as clearly, subsection (c) is nonjurisdictional and implicates only whether a party has preserved error for judicial review. *See Hill v. Board of Trustees*, 40 S.W.3d 676, 678 (Tex.App.-Austin 2001, no pet.).

1995, writ denied). My reasoning derives from the very nature of judicial review of administrative agency decisions.

There is no inherent right to judicial review of administrative agency decisions. *Gen. Serv. Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d 591, 599 (Tex.2001). It exists only when (1) a statute provides for such review, (2) the order adversely affects a vested property right, or (3) the order otherwise violates some constitutional right. *Id.; see also Dep't of Protective & Regulatory Servs. v. Schutz,* 101 S.W.3d 512, 521 (Tex.App.-Houston [1st Dist.] 2002, no pet.). This harsh rule derives from the concept of sovereign immunity: a suit against an agency of the State is a suit against the State. *See Lowe v. Texas Tech Univ.,* 540 S.W.2d 297, 298 (Tex.1976). And a challenge of a State agency's decision, notwithstanding that the agency is not a named party in the judicial review, is likewise a suit against the State. Without specific legislative authorization, an aggrieved party may not seek judicial review of an administrative agency's action because under sovereign immunity, the State cannot be sued without its permission. *Schutz,* 101 S.W.3d at 521; *S.W. Airlines Co. v. Tex. High–Speed Rail Auth.,* 867 S.W.2d 154, 157 (Tex.App.-Austin 1993, writ denied).

Acting through the Legislature, the State, has waived sovereign immunity under specifically defined circumstances. For example, in the area of tort recovery, the State has waived immunity through the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021, 101.025 (Vernon 1997). In the context of judicial review of administrative agency actions, the Legislature has imposed certain procedural requirements that must be met before sovereign immunity is waived. *See e.g.,* TEX. GOV'T CODE ANN. § 2001.171 (Vernon 2001). The purpose of these procedural requirements is to ensure that grievances are fully aired at the administrative law level in the interest of efficiency. The difficulty we face is deciding which of the procedural requirements were intended by the Legislature to grant a waiver of sovereign immunity from suit if fulfilled (thereby investing the trial court with subject-matter jurisdiction), as opposed to those procedural requirements upon which waiver of sovereign immunity is not based.

I am persuaded that subsection (b) is jurisdictional because it appears to be a statutory requirement defining a class of causes that a court may decide: those in which the respondent has filed a written response to the petitioner's written request for appeal to the appeals panel. Why? First, subsection (b) closely tracks the language of subsection (a), providing for waiver of sovereign immunity, and appears to enjoy equal dignity; pointedly, both use the mandatory auxiliary verb "shall." Second, if the respondent does not file a written response, the appeals panel is deprived of the complete argument, and the appeals panel's role is diminished or rendered meaningless.

### Conclusion

I would affirm the dismissal of the trial court for want of jurisdiction.

TERRY JENNINGS, Justice, dissenting from denial of sua sponte motion to withdraw en banc reconsideration as improvidently granted.

I respectfully dissent from the denial of my motion to withdraw en banc reconsideration of this case as improvidently granted. The original panel opinion in this case was issued on January 23, 2003. However, on February 26, 2003, a majority of the justices on this Court, on our own motion, voted to grant en banc reconsideration of this appeal. *See* TEX.R.APP. 49.7.

The original opinion, relying on *Fincher v. Board of Adjustment,* 56 S.W.3d 815, 817 (Tex.App.-Houston [1st Dist.] 2001, no pet.), broadly stated:

> Under *Kazi,*[1] lack of compliance with statutory prerequisites to bringing suit should no longer be treated as jurisdictional, but as an issue the parties may raise on the merits in determining whether the party bringing suit has established its right to proceed under the statute.

*Harris County Emergency Servs. Dist. #1 v. Miller,* No. 01–00–000846–CV, slip op. at 6 (Tex.App.-Houston [1st Dist.] Jan. 23, 2003) (op. withdrawn) (citing *Fincher,* 56 S.W.3d at 817). In *Fincher,* this Court stated that the supreme court, in *Kazi,* "held that failure to comply with statutory requirements to bring suit should not be treated as jurisdictional, but as an issue the parties may raise on the merits." *Fincher,* 56 S.W.3d at 817 (citing *Kazi,* 12 S.W.3d at 76–77).

I voted for en banc reconsideration of the original panel opinion in this case because the original panel opinion and this Court's opinion in *Fincher* overbroadly interpreted *Kazi,* for the reason that *Kazi* did not address a statutory waiver of the State's immunity from suit. The original panel opinion's application of *Fincher* was in grave error and was capable of causing serious confusion in the construction of statutory jurisdictional requirements. Thus, extraordinary circumstances required en banc consideration of this case. *See* Tex.R. App P. 41.2(c).

However, the current opinion on reconsideration in no way relies on *Fincher.* Accordingly, en banc consideration of this case is now inappropriate. En banc consideration is disfavored:

> En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of a court's decisions or unless extraordinary circumstances require en banc consideration.

*Id.* Here, en banc review is not necessary to maintain uniformity with our prior decisions. Additionally, because the opinion on reconsideration does not rely on or refer to *Fincher's* overbroad interpretation of *Kazi,* there is no "extraordinary circumstance" that "requires" en banc consideration.

Because this case has now been decided without reliance on *Fincher,* en banc reconsideration was improvidently granted. Accordingly, I respectfully dissent from the denial of my motion to withdraw en banc reconsideration of this case.

---

1. *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76–77 (Tex.2000).