In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-00-00846-CV
____________

HARRIS COUNTY EMERGENCY SERVICES DISTRICT # 1, Appellant

V.

ROBERT E. MILLER, Appellee




On Appeal from the 113th District Court 
Harris County, Texas
Trial Court Cause No. 2000-03848-A




OPINION DISSENTING FROM DENIAL OF 
SUA SPONTE MOTION TO WITHDRAW EN BANC
RECONSIDERATION AS IMPROVIDENTLY GRANTED

          I respectfully dissent from the denial of my motion to withdraw en banc
reconsideration of this case as improvidently granted. The original panel opinion in
this case was issued on January 23, 2003. However, on February 26, 2003, a majority
of the justices on this Court, on our own motion, voted to grant en banc
reconsideration of this appeal. See Tex. R. App. 49.7.
          The original opinion, relying on Fincher v. Board of Adjustment, 56 S.W.3d
815, 817 (Tex. App.—Houston [1st Dist.] 2001, no pet.), broadly stated:
Under Kazi,


 lack of compliance with statutory prerequisites to bringing
suit should no longer be treated as jurisdictional, but as an issue the
parties may raise on the merits in determining whether the party bringing
suit has established its right to proceed under the statute. 

Harris County Emergency Servs. Dist. #1 v. Miller, No. 01-00-000846-CV, slip op.
at 6 (Tex. App.—Houston [1st Dist.] Jan. 23, 2003) (op. withdrawn) (citing Fincher,
56 S.W.3d at 817). In Fincher, this Court stated that the supreme court, in Kazi,
“held that failure to comply with statutory requirements to bring suit should not be
treated as jurisdictional, but as an issue the parties may raise on the merits.” Fincher,
56 S.W.3d at 817 (citing Kazi, 12 S.W.3d at 76-77).
          I voted for en banc reconsideration of the original panel opinion in this case 
because the original panel opinion and this Court’s opinion in Fincher overbroadly
interpreted Kazi, for the reason that Kazi did not address a statutory waiver of the
State’s immunity from suit. The original panel opinion’s application of Fincher was
in grave error and was capable of causing serious confusion in the construction of
statutory jurisdictional requirements. Thus, extraordinary circumstances required en
banc consideration of this case. See Tex. R. App P. 41.2(c).
          However, the current opinion on reconsideration in no way relies on Fincher. 
Accordingly, en banc consideration of this case is now inappropriate. En banc
consideration is disfavored:
En banc consideration of a case is not favored and should not be ordered
unless necessary to secure or maintain uniformity of a court’s decisions
or unless extraordinary circumstances require en banc consideration.

Id. Here, en banc review is not necessary to maintain uniformity with our prior
decisions. Additionally, because the opinion on reconsideration does not rely on or
refer to Fincher’s overbroad interpretation of Kazi, there is no “extraordinary
circumstance” that “requires” en banc consideration.
          Because this case has now been decided without reliance on Fincher, en banc
reconsideration was improvidently granted. Accordingly, I respectfully dissent from
the denial of my motion to withdraw en banc reconsideration of this case.
 


     Terry Jennings
                                                                        Justice

On original submission, panel consisted of Chief Justice Radack, Justice Duggan,



and former Chief Justice Schneider.




En banc reconsideration was requested on the Court’s own motion. Tex. R. App. P.
49.7.

A majority of the justices of the Court voted in favor of reconsidering the case en
banc.

The en banc court on reconsideration consists of Chief Justice Radack and Justices
Hedges, Taft, Nuchia, Jennings, Keyes, Alcala, Hanks, Higley, and Duggan.

Justice Duggan, writing for the majority of the en banc Court on reconsideration,
joined by Chief Justice Radack and Justices Taft, Nuchia, Keyes, Alcala, and Hanks.

Justice Hedges, dissenting, joined by Justice Higley.

Justice Jennings, not participating and dissenting from denial of sua sponte motion
to withdraw en banc consideration.