In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00925-CV




CITY OF SEABROOK, TEXAS, Appellant

V.

PORT OF HOUSTON AUTHORITY, Appellee




On Appeal from County Civil Court at Law No. 3
 Harris County, Texas
                                         Trial Court Cause No. 774,891




EN BANC OPINION 

          In this condemnation action between two corporate landowners and the Port
of Houston Authority, the City of Seabrook appeals the trial court’s interlocutory
order denying its plea to the jurisdiction, a plea it asserted upon intervening in the
suit.


 We hold that the issue raised in the City’s jurisdictional plea does not implicate
the trial court’s subject-matter jurisdiction. The trial court therefore properly denied
the plea, and we dismiss the City’s appeal for lack of jurisdiction.
Background
          The Port of Houston Authority is a political subdivision and a navigation
district. The Legislature created the Port in 1927 under the authority of article III,
section 52 of the Texas Constitution. See Tex. Const. art. III, § 52; Act of 1927,
40th Leg., R.S., ch. 97, § 1, 1927 Tex. Gen. Laws 256, 256–57, amended by Act of 
Apr. 11, 1957, 55th Leg., R.S., ch. 117, § 2, 1957 Tex. Gen. Laws 241, 247. In 1957,
the Legislature converted the Port into a navigation district under article XVI, section
59 of the Texas Constitution. See Tex. Const. art. XVI, § 59; Act of Apr. 11, 1957,
55th Leg., R.S., ch. 117, § 2, 1957 Tex. Gen. Laws 241, 247, amended by Act of May
25, 1987, 70th Leg., R.S., ch. 1042, § 1, 1987 Tex. Gen. Laws 3506, 3506–07. 
Generally, upon its conversion to a navigation district, the Port retained all powers
conferred upon it under article III, section 52. See Act of Apr. 11, 1957, 55th Leg.,
R.S., ch. 117, § 2, 1957 Tex. Gen. Laws 241, 247 (providing that Port would operate
under article XVI, section 59 while also retaining “all powers conferred upon said
District by the law or laws under which it was organized”).
          In June 2002, the Port sued two private landowners, American Acryl NA,
L.L.C. and American Acryl L.P. (together, “American”), neither of which are parties
to this appeal. The Port seeks to condemn about forty-nine acres of property owned
by American, and to acquire fee simple title—excluding the mineral estate and a
drainage easement to be reserved to American. See Tex. Prop. Code Ann. §
21.012(a) (Vernon 2004) (providing for political subdivision and other governmental
entities seeking to acquire real property for public use to instigate condemnation
proceeding). The Port seeks to condemn the property in connection with its
development of a voter-approved significant expansion to the Port, commonly known
as the Bayport Terminal Project. The American property lies entirely within the
limits of the City of Seabrook. According to the record, this is not the only lawsuit
arising from the proposed expansion, nor is this the only parcel of commercial
property that the Port seeks to condemn (or already has condemned).
          Pursuant to statute, the trial court appointed special commissioners, who
appraised the damages for the property’s taking at $627,397.00. See id. § 21.014(a)
(Vernon 2004) (providing for appointment of special commissioners to assess
damages owed to property owner for property’s condemnation). In August 2002, the
special commissioners filed their award with the trial court. See id. American
objected to the special commissioners’ award, asserting, among other things, that the
Port “lack[ed] the power to condemn” its property because it had failed to obtain the
City’s consent. See id. § 21.018(a) (Vernon 2004) (providing that party to
condemnation proceeding may object to special commissioners’ award by filing
objections and grounds in court having jurisdiction). 
          The City then intervened in this lawsuit in February 2003. The City alleged
that (1) it had standing to intervene based on an applicable Water Code provision that
requires the City’s consent to right-of-way condemnations within its boundaries; and 
(2) it had not given its consent to the condemnation. The City further requested that
the trial court declare that the Port had violated the Water Code by having failed to
obtain the City’s consent and that the Port thus “lack[ed] the statutory power to
condemn the Property.”


 
          The Port moved to strike the City’s intervention on the ground (among others)
that the City had not been a party to the administrative portion


 of the condemnation
proceeding and the Water Code provision on which the City relies is inapplicable. 
The trial court overruled the Port’s motion. 
          American and the City then jointly filed a plea to the trial court’s jurisdiction. 
The jurisdictional plea asserted that the Water Code provision on which the City
relies for its intervention requires the City’s consent to the condemnation; that the
City had not consented; and thus, that the trial court lacks subject-matter jurisdiction
over the Port’s condemnation proceeding. The City also filed a separate plea to the
jurisdiction raising the same argument. The trial court denied both pleas after an
evidentiary hearing. 
          The City appeals to this Court from the adverse ruling on its jurisdictional
pleas. A majority of this Court voted to submit the case for en banc consideration and
disposition. See Tex. R. App. P. 41.2(c).
Standard of Review
          A jurisdictional plea contests the trial court’s subject-matter jurisdiction. Tex.
Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). In reviewing the ruling
on a jurisdictional plea, “‘we consider the facts alleged by the plaintiff and, to the
extent it is relevant to the jurisdictional issue, the evidence submitted by the parties.’” 
Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003) (quoting Tex.
Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001)). “[I]f
the pleadings affirmatively negate the existence of jurisdiction, then a plea to the
jurisdiction may be granted without allowing the plaintiff an opportunity to amend.” 
County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). We construe the
pleadings in the plaintiff’s favor and look to the pleader’s intent. Tex. Dep’t of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). Whether the pleader has
alleged facts that affirmatively demonstrate subject-matter jurisdiction is a legal
question that we review de novo. Id.
          We consider, as a preliminary matter, whether the City’s consent to
condemnation is a jurisdictional prerequisite to the trial court’s exercise of
jurisdiction, because the answer to that inquiry determines whether we in turn have
subject-matter jurisdiction over this interlocutory appeal. See Tex. Dep’t of Criminal
Justice v. Simons, 140 S.W.3d 338, 349 (Tex. 2004) (holding that “an interlocutory
appeal cannot be taken from the denial of a plea to the jurisdiction that does not raise
an issue that can be jurisdictional” and that appellate court must dismiss interlocutory
appeal “when the issue raised [in the jurisdictional plea] cannot implicate subject
matter jurisdiction”); accord Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser,
140 S.W.3d 351, 366 (Tex. 2004).
          Here, our jurisdictional determination turns on the interpretation of a provision
of the Water Code. Statutory interpretation is a question of law. In re Canales, 52
S.W.3d 698, 701 (Tex. 2001). Our primary goal in interpreting a statute is to
ascertain and to effectuate the Legislature’s intent. Id. at 702. In doing so, we
examine the statute’s plain language. Helena Chem. Co. v. Wilkins, 47 S.W.3d 486,
493 (Tex. 2001); Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864,
865 (Tex. 1999). We assume that the Legislature tried to say what it meant; therefore,
the statute’s words should be the surest guide to the Legislature’s intent. Fitzgerald,
996 S.W.2d at 866. 
          In ascertaining legislative intent, we do not confine our review to isolated
statutory words, phrases, or clauses; rather, we examine the entire act. Meritor Auto.,
Inc. v. Ruan Leasing Co., 44 S.W.3d 86, 90 (Tex. 2001); see Tex. Gov’t Code Ann.
§ 311.011(a) (Vernon 2005) (instructing courts to construe words and phrases in
context). The Code Construction Act lists factors that may be considered in
construing a statute, whether or not the statute is ambiguous on its face. Tex. Gov’t
Code Ann. § 311.023 (Vernon 2005). These factors include, among other things, (1)
the statute’s objectives; (2) the circumstances under which the statute was enacted;
(3) the statute’s legislative history; (4) common law, former law, and similar
provisions; and (5) the consequences of the statutory construction. Id. §
311.023(1)–(5); Canales, 52 S.W.3d at 702. We presume that the Legislature
intended a just and reasonable result. Tex. Gov’t Code Ann. § 311.021(3) (Vernon
2005); Wilkins, 47 S.W.3d at 493.
Discussion
A.      The Statute
          Water Code chapter 62 contains the following provision: 
          Section 62.106.     Condemnation Proceedings
 
(a)The district


 may exercise the power of eminent domain to
condemn and acquire the right-of-way over and through any and all
public and private land necessary:
 
(1)for the improvement of any river, bay, creek, or
stream;
 
(2)for the construction and maintenance of any canal or
waterway; and
 
(3)for any and all purposes authorized by this chapter.
 
. . . .
 
(d)No right-of-way may be condemned through any part of an
incorporated city or town without the consent of the lawful authorities
of that city or town.
Tex. Water Code Ann. § 62.106(a), (d) (Vernon 2004).
          The merit of the City’s position on interlocutory appeal rests on the proposition
that section 62.106(d), which provides that “no right-of-way may be condemned”
without the consent of a city through which the right-of-way runs, is a jurisdictional
prerequisite to the Port’s filing suit against a private landowner. See id. § 62.106(d). 
The City contends that the trial court lacks subject-matter jurisdiction over this
lawsuit unless and until the Port obtains the City’s consent. In contrast, the Port
contends, even assuming that the consent provision applies, it does not operate to
deprive the trial court of its subject-matter jurisdiction. It further contends that
section 62.106(d) is inapplicable to its acquisition of a fee simple interest—because
such an interest is different in character from a right-of-way easement—and that the
Legislature has narrowed the applicability of section 62.106(d) by later passing
statutes that allow the Port to condemn without the consent of the City. See, e.g., id.
§ 62.107 (Vernon 2004) (“Acquisition of Land”) & (a) (“Any district created under
this chapter may acquire by gift, purchase, or condemnation and may own land
adjacent or accessible to the navigable water and ports developed by it which may be
necessary or required for any and all purposes incident to or necessary for the
development and operation of navigable water or ports within the district, or may be
necessary or required for or in aid of the development of industries on the land.”). 
Thus, as to the merits, the parties disagree about whether Water Code section
62.106(d) applies and controls, i.e., whether the phrase “no right-of-way may be
condemned” without the City’s consent applies to fee simple title interests, and
whether this section should apply, given later-enacted section 62.107, which poses
no municipal consent restriction. Id. §§ 62.106(d), 62.107(a) (emphasis added). 
          For reasons that we discuss, we conclude that the jurisdictional principles
espoused by the Texas Supreme Court in Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71
(Tex. 2000) and Hubenak v. San Jacinto Gas Transmission Co., 141 S.W.3d 172
(Tex. 2004) (“Hubanak III”), govern this case, and thus we conclude that the statute
at issue is not jurisdictional. Whatever the merit of the parties’ substantive
arguments, to use a jurisdictional analysis to resolve the fray is unsupported by the
statute. 
B.      The Texas Supreme Court’s Decision in Dubai Petroleum Co. v. Kazi
          In Kazi, the Texas Supreme Court overruled earlier precedent to hold that a
failure to meet a statutory prerequisite will not deprive a trial court of its subject-matter jurisdiction unless the statute evinces an intent that it do so.


 12 S.W.3d at 76. 
In so holding, the court expressed a strong preference for the finality of judgments. 
Id. To the court, allowing statutory prerequisites to be synonymous with
jurisdictional limitations presents a fundamental problem: “a judgment will never be
considered final if the court lacked subject-matter jurisdiction” because “‘[t]he
classification of a matter as one of [subject-matter] jurisdiction . . . opens the way to
making judgments vulnerable to delayed attack for a variety of irregularities that
perhaps better ought to be sealed in a judgment.’” Id. (quoting Restatement
(Second) of Judgments § 12 cmt. b at 118 (1982)).


 The court relied upon “‘the 
modern direction . . . to reduce the vulnerability of final judgments to attack on the
ground that the tribunal lacked subject matter jurisdiction.’” Id. (quoting
Restatement (Second) of Judgments § 11 cmt. e at 113 (1982)); accord
Loutzenhiser, 140 S.W.3d at 358–59.
          Since Kazi, the Texas Supreme Court has reinforced its view that a statutory
requirement is jurisdictional, as opposed to substantive, only when the Legislature’s
intent so indicates. See Loutzenhiser, 140 S.W.3d at 359. To determine whether such
an intent exists, a reviewing court should examine the statutory language, including
whether any consequences for non-compliance are specified. Id. In addition, the
reviewing court may look to the statute’s purpose. See id. at 360; Harris County
Emergency Servs. Dist. #1 v. Miller, 122 S.W.3d 218, 223 (Tex. App.—Houston [1st
Dist.] 2003, no pet.).


 
C.      Under Kazi and Its Progeny, Section 62.106(d) Is Not Jurisdictional 

          In Water Code section 62.106(d), the term “may not” (here, “no right-of-way
may be condemned” without consent) indicates a prohibition. Tex. Water Code
Ann. § 62.106(d) (emphasis added); Tex. Gov’t Code Ann. § 311.016(5) (Vernon
2005) (“‘May not’ imposes a prohibition and is synonymous with ‘shall not.’”). 
Nothing about the mandatory nature of the section’s statutory language, however,
suggests that it is also a jurisdictional limitation. See Essenburg v. Dallas County,
988 S.W.2d 188, 188–89 (Tex. 1998) (holding that statutory notice requirement,
employing term “may not,” was not jurisdictional). Several things suggest that it is
not. 
          First, the Legislature expressed no consequence for failure to comply with this
section—such as limiting the right to file a condemnation action until such consent
is obtained, or requiring a process to settle the dispute between the two competing
governmental interests. The statutory framework for a condemnation under the
Property Code defines a specific administrative process before filing suit between the
condemning governmental authority and the private landowner. The statute upon
which the City relies is not a part of that framework. Section 62.106 neither binds a
trial court with administrative findings, nor defines or limits its judicial review, nor
establishes any grievance process to resolve the dispute between these two
governmental authorities outside the trial court’s milieu. See Loutzenhiser, 140
S.W.3d at 361 (quoting Essenburg, 988 S.W.2d at 189). Hence, the statute imposes
no express jurisdictional constraints, thus leaving resolution of disputes concerning
the statute to the courts.
          Moreover, section 62.106 provides no independent cause of action to a city that
is not afforded its opportunity to consent, nor any affirmative relief—administrative
or otherwise. Yet, using a jurisdictional plea as a sword (for the City intervened in
this suit), the City seeks to fashion both an independent claim under the Water Code
and obtain the relief it seeks (a halt to the Port’s condemnation suit) without any 
adjudication of the rights and obligations of the parties, and without any participation
by it in the adjudicative process. The City’s rights under the statute instead should
be a matter for interpretation by the courts, not a basis for depriving the courts of
jurisdiction in the first instance.
          Second, although the plain language of the statute is paramount, nothing in its
history evidences a jurisdictional emphasis. The requirement first appeared in 1925,



but the parties point to no legislative history that clarifies that the provision is
jurisdictional in nature. If anything, Water Code section 62.107, later-enacted in
1947, confers condemnation power upon the Port with no local consent requirement,
and could suggest that the consent requirement does not apply. See Tex. Water
Code Ann. § 62.107 (Vernon 2004).



          “Subject-matter jurisdiction exists when the nature of the case falls within the
general category of cases the court is empowered, under applicable statutory and
constitutional provisions, to adjudicate.” Cervantes v. Tyson Foods, Inc., 130 S.W.3d
152, 156 (Tex. App.—El Paso 2003, pet. denied). Applying Kazi, if a statutory
requirement “defines, enlarges, [or] restricts the class of causes the court may decide
or the relief the court may award,” then the requirement is jurisdictional. Sierra Club
v. Tex. Natural Res. Conservation Comm’n, 26 S.W.3d 684, 688 (Tex. App.—Austin
2000), aff’d on other grounds, 70 S.W.3d 809 (Tex. 2002).


 If the requirement does
none of these things, it is not jurisdictional, but is only a condition on which the
plaintiff’s right to relief may depend. See id. The requirement to obtain a city’s
consent for a right-of-way condemnation does not “define[], enlarge[], [or] restrict[]
the class of causes the [county court at law] may decide or the relief the court may
award.” See id.
          In fact, the Legislature has enacted a particular statute conferring jurisdiction
over eminent-domain cases upon the Harris County Courts at Law. Tex. Gov’t
Code Ann. §§ 25.0003(a), 25.1032(a), (c) (Vernon 2004 & Supp. 2005); Tex. Prop.
Code Ann. § 21.001 (Vernon 2004). It is here that the Legislature established the
class of causes that these trial courts can decide and the kind of relief that they can
award. See id.; cf. In re Bullock, 146 S.W.3d 783, 789–90 (Tex. App.—Beaumont
2004, orig. proceeding) (holding that failure to meet statutory limitations requirement
did not deprive county court at law of jurisdiction over bill-of-review proceeding,
when statute gave county court at law plenary jurisdiction over subject matter of
case).
          Finally, reading the statute to withhold trial court jurisdiction is unnecessary
to protect the interests of local government. Here, the affected city has intervened. 
It is hard to imagine that the Legislature intended to render an entire class of
condemnation judgments void for failure to obtain consent when a timely intervention
would do—assuming for the moment that Water Code section 62.106 affords
independent relief to an aggrieved local government. A simpler interpretation is that
the provision confers standing upon a city to be heard, or that any municipal interest
can be represented by the private landowner in a timely fashion, who if successful,
will keep its land or command an above fair-market-value premium for its sale.


 In
this case, for example, the landowner has moved in the trial court to dismiss the
proceeding on the very ground that the City urges here. If the City cannot preclude
a landowner’s sale of private property to another governmental entity, it should not
have status to contest trial court jurisdiction and to subject the court’s adjudication
to future collateral attack in a condemnation proceeding, even if it may have standing
to intervene to enforce a statutorily conferred right of consent. In contrast with
statutes that courts have construed as jurisdictional—in part because they require
administrative proceedings before a government can be haled into court as a
defendant—here, the City seeks to use a statute offensively rather than defensively,
by intervening to urge the dismissal of claims not brought against it. 
          For these reasons, Water Code section 62.106(d)’s consent requirement, even
assuming that it applies and controls in this case, is not jurisdictional and is not the
proper subject of a jurisdictional plea. See Kazi, 12 S.W.3d at 76–77 (“‘The right of
a plaintiff to maintain a suit, while frequently treated as going to the question of
jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather
than to the jurisdiction of the court to afford it.’”) (quoting 21 C.J.S. Courts § 16, at
23 (1990)); see also Hubenak III, 141 S.W.3d at 183 (holding that following
requirement from section 21.012(a) of Property Code’s condemnation provisions is 
not jurisdictional: “If [one of certain entities exercising eminent-domain power] wants
to acquire real property for public use but is unable to agree with the owner of the
property on the amount of damages, the condemning entity may begin a
condemnation proceeding . . . .”) (emphasis added). 
          In Hubenak III, in a group of eleven consolidated appeals, the Texas Supreme
Court held that, in condemnation actions brought by utilities, the utilities’ failure to
satisfy a statutory pleading requirement that the parties were “unable to agree” on
damages did not deprive courts of subject-matter jurisdiction. Hubenak III, 141
S.W.3d at 183. The dissent distinguishes Hubenak III because that case involved a
dispute between the condemning authority (a utility) and private landowners, whereas
here, the dispute on appeal is between two governmental authorities. But the
holdings in Kazi and Hubenak do not focus on the status of the parties as private
litigants; rather, both represent an effort to “reduce the vulnerability of final
judgments to attack on the ground that the tribunal lacked subject matter jurisdiction.” 
Hubenak III, 141 S.W.3d at 183; Kazi, 12 S.W.3d at 76 (quoting Restatement
(Second) of Judgments 11 cmt. e (1982)). And, in particular with regard to the
requirements relating to the condemnation actions, the court recognized that
“‘jurisdiction’ has proven to be a ‘word of elastic, diverse, and disparate meanings.’” 
Hubanek III, 141 S.W.3d at 183 (quoting Minto v. Lambert, 870 P.2d 572, 575 (Colo.
Ct. App. 1994, cert. denied)). 
          In addition, the dissent distinguishes Hubanek III on the basis that the statute
here does not provide any express remedy for a violation of the consent provision. 
However, we note that the statute in Hubanek III did not either—if the parties were
unable to agree, then resolution was to be determined in a court. See id. Regardless,
whether a statutory remedy be express, implied, or non-existent, a court of competent
jurisdiction remains as the constant decision-maker.
D.      The Prospect of Collateral Attack Destabilizes Settled Real Property
Interests
          Water Code section 62.106(d)’s plain language does not indicate that it is
jurisdictional for good reason: we deal here with real property interests, an area of the
law that—perhaps more than some others—relies upon the finality of the
determination of those interests. Given the nature of a condemnation action—the
judicial transfer of real property—we cannot conclude that the Legislature intended
for the consent requirement of section 62.106(d) to be jurisdictional, so as to open
condemnation judgments to collateral attack at any time. See Hubenak III, 141
S.W.3d at 182 (“If the unable-to-agree requirement [contained in section 21.012(a)
of the Property Code’s condemnation provisions] were necessary to confer subject
matter jurisdiction, then judgments in condemnation proceedings would be subject
to collateral attack.”); see also Mapco, Inc. v. Carter, 817 S.W.2d 686, 687 (Tex.
1991) (holding that lack of subject-matter jurisdiction is fundamental error that may
be raised for first time at appellate level). The Texas Supreme Court’s reasoning in
Hubenak III with regard to the importance of finality in the condemnation proceeding
involved in that case is equally applicable in this case, and we apply its reasoning
here. See 141 S.W.3d at 183.
          If section 62.106(d)’s consent requirement is jurisdictional, then a stranger to
a property title—the aggrieved local government—can challenge the ownership of the
condemned land even after the private landowner has been compensated, public funds
have been fully expended, and government improvements to the property have been
entirely completed. Real property is fixed and permanent, and American law
promotes stability in the transfer of real property interests. Collateral attacks based
upon subject-matter jurisdiction undermine this stability, creating potential defects
in title stemming from a long-forgotten condemnation proceeding. 
          The City’s contention that the Port’s failure to obtain the City’s consent
deprives a trial court of its subject-matter jurisdiction in a condemnation action thus
imposes harsh consequences to settled interests.


 Absent express statutory language, 
we should not conclude that one local government keeps the keys to the
courthouse—and the validity of a judgment—over the head of another local
governmental entity. Rather, the Port and the City have concomitant rights to seek
a judicial determination to resolve the applicability and the merit of their positions,
in a court.



E.      Because Section 62.106(d) Is Not Jurisdictional, We Lack Jurisdiction to
Hear the Appeal.

          The Texas Supreme Court has determined that “an interlocutory appeal cannot
be taken from the denial of a plea to the jurisdiction that does not raise an issue that
can be jurisdictional.” Simons, 140 S.W.3d at 349; Loutzenhiser, 140 S.W.3d at 365. 
An appellate court thus should dismiss an interlocutory appeal “when the issue raised
[in the jurisdictional plea] cannot implicate subject matter jurisdiction.” Simons, 140
S.W.3d at 349.


 For the reasons discussed, the issue raised in the City’s
jurisdictional plea—the Port’s failure to obtain the City’s consent to the
condemnation under Water Code section 62.106(d)—is not jurisdictional. 
Accordingly, we dismiss this appeal for want of jurisdiction and do not determine the
merit of the City’s claim in intervention.


 See Simons, 140 S.W.3d at 343;
Loutzenhiser, 140 S.W.3d at 365–366.
Conclusion
          The trial court has jurisdiction to hear the subject matter of this suit. In such
an instance, we lack jurisdiction to decide the issues presented here via an
interlocutory appeal. Conferring jurisdictional status upon the statute at issue would
open settled real property rights to collateral attack by local government, and halt
another government project by jurisdictional fiat, even for already adjudicated real
property interests. 
          We hold that Water Code section 62.106(d)’s consent prerequisite, assuming 
that it applies and controls in this case, is not jurisdictional and thus is not the proper
subject of a jurisdictional plea. We therefore lack jurisdiction over this appeal and
dismiss the case.  
 
                                                                        Jane Bland
                                                                        Justice
Panel consists of Justices Taft, Keyes, and Hanks.

En banc consideration was requested. See Tex. R. App. P. 41.2(c).

A majority of the justices of the Court voted to grant en banc consideration. See id.

The en banc Court consists of Justices Taft, Nuchia, Jennings, Keyes, Alcala, Hanks,
Higley, and Bland. See Tex. R. App. P. 41.2(a).

Justice Keyes, joined by Justice Hanks, dissenting. See Tex. R. App. P. 47.5.

Chief Justice Radack, recused.