TRINITY UNIVERSAL INSURANCE COMPANY, Appellant,

v.

Rebecca L. DAY and Texas Workers Compensation Commission, Appellees.

No. 08–03–00414–CV.

Court of Appeals of Texas, El Paso.

Aug. 26, 2004.

Rehearing Overruled Sept. 15, 2004.

Darryl J. Silvera, Silvera & Associates, Dallas, for Appellant.

Kevin B. Miller, Law Office of Miller, Henderson & Bicklein, Odessa, for Rebecca L. Day.

Kevin Heyburn, Asst. Atty. Gen., Austin, for Texas Workers' Compensation Commission.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## *OPINION*

DAVID WELLINGTON CHEW, Justice.

The opinion dated July 22, 2004, is hereby withdrawn and the following is the opinion of this Court.

Appellant Trinity Universal Insurance Company ("Trinity") appeals from a judgment in favor of Appellees Rebecca L. Day and Texas Workers' Compensation Commission ("TWCC"). On appeal, Trinity raises two related issues: (1) whether Trinity timely filed its Request for Review with the Texas Workers' Compensation Commission Appeals Panel, giving the trial court jurisdiction; and (2) whether the trial court improperly granted the plea to the jurisdiction filed by the TWCC. We reverse and remand.

On November 6, 1997, Rebecca Day was injured while working at the Center for Children and Families in Midland, Texas. She was hit on top of the head by a filing cabinet drawer. She was certified at maximum medical improvement, was assigned an impairment rating, and applied for supplemental income benefits ("SIBS") through the Texas Workers' Compensation Commission. Trinity Universal Insurance Company was the insurance carrier for Ms. Day's place of employment.

A benefit contested hearing was held on July 11, 2002 to determine whether Ms. Day was entitled to SIBS. A Contested Case Hearing Decision and Order was signed by the hearing officer and received by TWCC on July 19, 2002. It is undisputed that on July 24, 2002, the decision was issued from TWCC and mailed to the carrier's attorney of record. It is also undisputed that on the same day, TWCC placed this decision in the box of the Austin representative for Trinity. The decision was stamped by the Austin representative as having been received July 24, 2002. The decision was actually received by the carrier's attorney on July 26, 2002.

The carrier filed its appeal with the TWCC Appeals Panel on August 15, 2002. The TWCC Appeals Panel found that Trinity had not timely filed its Request for Review with the TWCC Appeals Panel. Trinity filed a petition for judicial review on October 23, 2002. TWCC intervened in this suit by filing a plea to the jurisdiction on February 3, 2003. After a hearing was held on the TWCC's plea to the jurisdiction on May 16, 2003, the trial court found that Trinity's appeal to the TWCC was not timely, and therefore, it had no jurisdiction over the case.[1] Trinity now timely files this appeal.

In Issue One, Trinity argues that it timely filed its Request for Review with the TWCC Appeals Panel, and therefore, the trial court had jurisdiction over the

---

1. The trial court found that the deadline for Trinity to filed its appeal to the TWCC Appeals Panel was on or before August 14, 2002.

case. In Issue Two, Trinity contends that the trial court improperly granted TWCC's plea to the jurisdiction because Trinity perfected its right to appellate review.

 Whether the trial court properly denied the plea to the jurisdiction is a pure question of law that we examine under a *de novo* standard of review. *Cornyn v. Akin*, 50 S.W.3d 735, 736–37 (Tex.App.-El Paso 2001, no pet.). A plea to the jurisdiction is a dilatory plea by which a party contests the trial court's authority to determine the subject matter of the cause of action. *See, e.g., State v. Benavides*, 772 S.W.2d 271, 273 (Tex.App.-Corpus Christi 1989, writ denied). Its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). The plaintiff has the burden to allege facts affirmatively showing that the trial court has subject-matter jurisdiction to hear the cause. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). On appellate review, we look to the allegations in the pleadings, accept them as true, and construe them in favor of the pleader. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *City of Saginaw v. Carter*, 996 S.W.2d 1, 3 (Tex.App.-Fort Worth 1999, pet. dism'd w.o.j.). We also consider evidence relevant to the jurisdictional issue that was before the trial court when it ruled on the plea. *See Bland Indep. Sch. Dist.*, 34 S.W.3d at 555.

At issue in this case is 28 TEX.ADMIN.CODE § 102.5(d)(2004) which states:

For purposes of determining the date of receipt for those written communications sent by the Commission which require the recipient to perform an action by a specific date after receipt, unless the great weight of evidence indicates otherwise, the Commission shall deem the received date to be five days after the date mailed; the first working day after the date the written communication was placed in a carrier's Austin representative box located at the Commission's main office in Austin as indicated by the Commission's date stamp; or the date faxed or electronically transmitted.

Trinity argues that because the TWCC's Decision and Order was placed in its Austin representative's box on July 24, 2002, pursuant to 28 TEX.ADMIN.CODE § 102.5(d), Trinity should be deemed to have received the TWCC's Decision and Order on July 25, 2002. Ms. Day and TWCC argue that Trinity had actual notice on July 24, 2002, and therefore, the deemed date provision is inapplicable. Having reviewed the entire record, we agree with Trinity's assertions.

According to the 28 TEX.ADMIN.CODE § 102.5(d), unless the great weight of the evidence indicates otherwise, the deemed date of receipt should be the first working day after the date the written communication was placed in a carrier's Austin representative box located at the Commission's main office in Austin as indicated by the Commission's date stamp. In this case, there is no dispute that the TWCC's Decision and Order was placed in Trinity's Austin representative's box on July 24, 2002. Therefore, applying 28 TEX.ADMIN.CODE § 102.5(d), the date deemed received would be July 25, 2002. *See* 28 TEX.ADMIN.CODE § 102.5(d).

Ms. Day and TWCC would have this Court find that Trinity received actual notice of the TWCC's decision on July 24, 2002, as evidenced by the received stamp and Austin representative's signature on the order. The only case dealing with 28 TEX.ADMIN.CODE § 102.5(d) is *Tex. Workers' Comp. Comm'n v. Harris County, Texas*, 132 S.W.3d 139 (Tex.App.-Houston [14th Dist.] 2004, no pet.h.). In that case, TWCC made the argument that the

date of actual notice, and not the deemed date of receipt was the applicable date. *See Tex. Workers' Comp. Comm'n,* 132 S.W.3d at 144. Even though the facts of *Harris County* differ from this case, we agree with that court's construction of Rule 102.5(d). *Id.* at 144–45. A contrary construction would eviscerate the deemed receipt date and we hold that the deemed date of receipt in this case is applicable, and therefore, Trinity was deemed to have received the TWCC's Decision and Order on July 25, 2002. Thus, under 28 TEX.ADMIN.CODE § 102.5(d), Trinity timely filed its appeal. We sustain Issues One and Two.

Accordingly, we reverse and remand this matter to the trial court for further proceedings consistent with this opinion.