ACCEPTED
01-15-00321-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/15/2015 6:17:53 PM
CHRISTOPHER PRINE
CLERK

DOCKET NO. 01-15-00321-CV

_____

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/15/2015 6:17:53 PM
CHRISTOPHER A. PRINE
Clerk

_____

TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS'
COMPENSATION,
Appellant,
v.
LINDA GREEN
Appellee.

On Appeal from
The 133rd Judicial District Court of Harris County, Texas
Cause No. 2010-25688

## RESPONDENT'S BRIEF

David Brenner
State Bar No. 2958020
Elizabeth Brenner
State Bar No. 24040570
Belinda May Arambula
State Bar No. 24060241
BURNS ANDERSON JURY & BRENNER,
L.L.P.
P.O. Box 26300
Austin, Texas 78755-6300
(512) 338-5322 (telephone)
(512) 338-5363 (facsimile)
Attorneys for Zurich American Insurance
Company

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

    **Page**

INDEX OF AUTHORITIES........................................................................... iv

STATEMENT REGARDING ORAL ARGUMENT ............................................. vi

ISSUE PRESENTED ................................................................................... vii

ISSUE ONE ............................................................................................... vii

    Does the Declaratory Judgment Act confer jurisdiction on a court to
    address an issue that (1) was not timely and properly presented to the
    appeals panel, and (2) is statutorily subject to the judicial review process
    under the Texas Labor Code? ................................................................ vii

STATEMENT OF FACTS ...............................................................................1

SUMMARY OF THE ARGUMENT ..................................................................4

ARGUMENT AND AUTHORITIES...................................................................5

ISSUE ONE (Restated)..................................................................................5

    Does the Declaratory Judgment Act confer jurisdiction on a court to
    address an issue that (1) was not timely and properly presented to the
    appeals panel, and (2) is statutorily subject to the judicial review process
    under the Texas Labor Code? ..................................................................5

    A.    Standard of Review .......................................................................5

    B.    The Texas Labor Code limits suits for judicial review to those
        issues addressed by the appeals panel after the exhaustion of
        administrative remedies.................................................................5

    C.    The Declaratory Judgment Act cannot be utilized to expand the
        scope of judicial review.................................................................8

CONCLUSION ..........................................................................................12

PRAYER ................................................................................................................12

CERTIFICATE OF SERVICE ...............................................................................14

CERTIFICATE OF COMPLIANCE......................................................................15

APPENDIX ............................................................................................................16

# INDEX OF AUTHORITIES

**Page**

**Cases**

*Beacon Nat'l Ins. Co. v. Montemayor*,
   86 S.W.3d 260 (Tex. App.—Austin 2002, no pet.). ...............................................8

*Ben Robinson Co. v. Texas Workers' Comp. Comm'n*,
   934 S.W.2d 149 (Tex. App.—Austin 1996, writ denied) .......................................8

*BHP Petroleum Co. Inc. v. Millard*,
   800 S.W.2d 838 (Tex. 1990) ...................................................................................9

*ESIS, Inc., Serv. Contractor v. Johnson*,
    908 S.W.2d 554 (Tex. App.—Fort Worth 1995, writ denied) ..............................6

*Harris County Emergency Serv. Dist. No. 1 v. Miller*,
   122 S.W.3d 218 (Tex. App.—Houston [1st Dist.] 2003, no pet.) .........................7

*MBM Fin. Corp. v. Woodlands Operating Co., L.P.*,
   292 S.W.3d 660 (Tex. 2009) .................................................................................11

*Strayhorn v. Raytheon E-Sys., Inc.*,
   101 S.W.3d 558 (Tex. App.—Austin 2003, pet. denied).......................................8

*Texas Dep't of Ins., Div. of Workers' Comp. v. Lumbermens Mut. Cas.*,
   212 S.W.3d 870 (Tex. 2006) .................................................................................10

*Texas Liquor Control Bd. v. Canyon Creek Land Corp.*,
   456 S.W.2d 891 (Tex. 1970) .................................................................................11

*Texas Mun. Power Agency v. Pub. Util. Comm'n*,
   100 S.W.3d 510 (Tex. App.—Austin 2003) ........................................................12

*Trinity Universal Ins. Co. v. Day*,
   155 S.W.3d 337 (Tex. App.—El Paso 2004, pet. denied) .....................................5

*Universal Printing Co. v. Premier Victorian Homes, Inc.*,
   73 S.W.3d 283 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).....................9

*Weaver v. E-Z Mart Stores, Inc.,*
 942 S.W.2d 167 (Tex. App.—Texarkana 1997, no pet.) ........................................8

*Young Chevrolet, Inc. v. Texas Motor Vehicle Bd.,*
 974 S.W.2d 906 (Tex. App.—Austin 1998, pet. denied)....................................8, 9

**Statutes**

TEX. LAB. CODE § 410.251 ...............................................................................5

TEX. LAB. CODE § 410.302 ...............................................................................6

## STATEMENT REGARDING ORAL ARGUMENT

Respondent requests oral argument because of the complexity of the factual and legal issues presented for review. Respondent believes oral argument would assist this Court in resolving the conflicting authority on the issues.

# ISSUE PRESENTED

## ISSUE ONE

**Does the Declaratory Judgment Act confer jurisdiction on a court to address an issue that (1) was not timely and properly presented to the appeals panel, and (2) is statutorily subject to the judicial review process under the Texas Labor Code?**

_____

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS

_____

TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS'
COMPENSATION,
Appellant,

v.

LINDA GREEN
Appellee.

On Appeal from
The 133rd Judicial District Court of Harris County, Texas
Cause No. 2010-25688

**TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:**

Zurich American Insurance Company ("Zurich") requests that this Court
reverse the Trial Court's Order Denying Appellant's Plea to the Jurisdiction.

**STATEMENT OF FACTS**

This lawsuit is a judicial review proceeding that arises out of a workers'
compensation claim filed by Linda Green ("Green") with the Texas Department of
Insurance, Division of Workers' Compensation ("DWC"). Following a December
10, 2009 contested case hearing, the only issue to be decided was: "Does the

1

compensable injury of August 2, 2005 sustained by the claimant extend to include the left ankle fracture, compression fracture L1 and T12-L2 conditions on or after 7/29/09?"[1] The hearing officer decided that the compensable injury of August 2, 2005 sustained by the claimant does not extend to include the left ankle fracture, compression fracture L1 and T12-L2 conditions on or after 7/29/09.[2] No other issues were decided by the hearing officer. Specifically, there was no challenge or issue relating to the validity of the injurious practice defense.

Green filed a request for review to the DWC appeals panel.[3] In her request for review, Green did not challenge the hearing officer's consideration of her injurious practices.[4] Green limited her request for review to certain findings of fact, conclusions of law, and evidentiary issues, but it is completely devoid of a challenge to the defense of injurious practices.[5]

On April 22, 2010, Green filed an original petition seeking judicial review of four issues never decided by DWC.[6] First, whether the claimant did not comply with physical therapy on several occasions; second, removal of cast; third, medication; and fourth, hindered recovery. No other issues were raised by judicial review and no relief was specifically requested of the trial court. Again,

---

[1] CR 7.
[2] *Id.*
[3] Appendix No. 1.
[4] *Id.*
[5] *Id.*
[6] CR 1.

2

specifically, there was no objection or request for declaratory relief sought with respect to the injurious practices.

On September 12, 2011, after the statute of limitations for judicial review proceedings expired, Green filed an amended petition, for the first time seeking review of the DWC's decision and a declaratory action.[7] Through the declaratory action, Green, for the first time, complained that the DWC hearing officer inappropriately permitted the defense of injurious practices.

Zurich filed a Plea to the Jurisdiction challenging the trial court's authority to entertain Green's declaratory judgment action.[8] The DWC intervened in the litigation, also challenging the trial court's authority to entertain a declaratory judgment action.[9] After a hearing, the trial court denied both Pleas to the Jurisdiction.[10] Zurich filed an Original Petition for Writ of Mandamus on December 3, 2012.[11] This Court issued a Memorandum Opinion denying the Writ on October 22, 2013.[12] DWC filed a second Plea to the Jurisdiction addressing Green's request for declaratory judgment and attorneys' fees under the Uniform Declaratory Judgment Act "(UDJA")" on February 11, 2015.[13] A hearing on the second Plea to the Jurisdiction was held on March 2, 2015; the trial court denied

---

[7] *See* CR 17.
[8] Appendix No. 2.
[9] CR 23.
[10] CR 50.
[11] Appendix No. 3.
[12] Appendix No. 4.
[13] CR 54.

TDI-DWC's plea.[14] DWC then filed an accelerated appeal on March 23, 2015.[15]

## SUMMARY OF THE ARGUMENT

In workers' compensation cases, judicial review is limited to issues decided by the appeals panel, and a party may not seek review on issues the party did not present to the appeals panel. A trial court may not enlarge this scope of review by considering issues, or evidence probative of issues, that were not determined by the DWC appeals panel. Nor may a party circumvent the statutorily mandated limitations by asserting a declaratory judgment action. When a statute provides an avenue for attacking a final agency order, a declaratory judgment action directed at that order will not lie. This is so because a party is generally not entitled to redundant remedies. When both the underlying suit and the declaratory judgment action attack the validity of an administrative order, the court should dismiss the request for declaratory relief for want of jurisdiction.

Green never challenged the availability of the defense of injurious practices at the administrative level. It was not until the pendency of judicial review that Green, for the first time, sought a declaration that the defense of injurious practices was invalid. The declaratory judgment action is not properly before the trial court. Therefore, the trial court erred in denying DWC's Plea to the Jurisdiction.

---

[14] CR 107.
[15] CR 108.

## ARGUMENT AND AUTHORITIES

### ISSUE ONE (Restated)

**Does the Declaratory Judgment Act confer jurisdiction on a court to address an issue that (1) was not timely and properly presented to the appeals panel, and (2) is statutorily subject to the judicial review process under the Texas Labor Code?**

**A.     Standard of Review**

A plea to the jurisdiction is a dilatory plea used to contest the trial court's authority to determine the subject matter of the cause of action.[16] The purpose of a dilatory plea is not to review the case on the merits, but to establish a reason why the merits should never be reached.[17] Whether a trial court properly denies a plea to the jurisdiction is a question of law examined under a *de novo* standard of review.[18]

**B.     The Texas Labor Code limits suits for judicial review to those issues addressed by the appeals panel after the exhaustion of administrative remedies.**

The Texas Labor Code provides that a party that has exhausted its administrative remedies under this subtitle and is aggrieved by a final decision of the appeals panel may seek judicial review.[19] The Texas Labor Code limits the issues that can be raised on judicial review at trial to those issues decided by the appeals panel, as follows:  "(b) A trial under this subchapter is limited to issues

---

[16] *Trinity Universal Ins. Co. v. Day*, 155 S.W.3d 337, 339 (Tex. App.—El Paso 2004, pet. denied).
[17] *Id.*
[18] *Id.*
[19] TEX. LAB. CODE § 410.251.

decided by the appeals panel and on which judicial review is sought."[20] The pleadings must specifically set forth the determinations of the appeals panel by which the party is aggrieved.[21] There is no provision in the Texas Workers' Compensation Act authorizing the trial court to enlarge this scope of review by considering issues, or evidence probative of issues, that were not determined by the DWC appeals panel.[22]

Texas courts explain that a failure to raise a defense and, by logical extension. a challenge to the defense at any stage of the administrative review process waives the defense and, by extension, a challenge to the defense.[23] In *ESIS, Inc. Serv. Contractors v. Johnson*, the court explained that the employer's failure to raise the intoxication defense at the administrative review process waives the defense and the trial court is barred from adjudicating the issue on appeal. The court held that the defense must be raised by the employer at the administrative level in order to be preserved for appeal to the trial court. Green never raised a challenge to the availability or validity of the injurious practice defense at the administrative level.

Green never challenged the availability of the defense of injurious practices at the administrative level. It was not until September 13, 2011, during the

---

[20] Tex. Lab. Code § 410.302.
[21] *Id*.
[22] *ESIS, Inc., Serv. Contractor v. Johnson*, 908 S.W.2d 554 (Tex. App.—Fort Worth 1995, writ denied)
[23] *Id*. at 562.

pendency of judicial review, that Green, for the first time, objected to the defense of injurious practices and sought a declaration that the defense is invalid. This issue was not properly before the trial court. The validity of the defense was never raised during the administrative review phase. Issues that were not decided at the contested case hearing, or by the appeals panel, pursuant to section 410.302 of the Texas Labor Code, cannot be raised for the first time at trial. Thus, the trial court lacks jurisdiction to entertain issues not decided by the appeals panel. Moreover, challenges to the defense that are never raised at the administrative level are waived.

In *Harris Co. Emergency Serv. Dist. v. Miller*, the Houston Court of Appeals explained that HCESD's failure to respond to Miller's request for review of the contested case hearing officer's decision to the DWC appeals panel was a failure to exhaust administrative remedies.[24] The court held because HCESD failed to establish its right to proceed on judicial review, the trial court should have rendered a take-nothing judgment. The court further noted "[t]he vitality and thoroughness of the agency-review process will fast be diluted if parties are allowed the option to participate or not in the successive phases."[25] Likewise, here, Green did not raise a challenge to the defense of injurious practices on request for

---

[24] *Harris Co. Emergency Serv. Dist. No. 1 v. Miller*, 122 S.W.3d 218 (Tex. App.—Houston [1st Dist.] 2003, no pet.)
[25] *Id.* at 225.

review to the appeals panel. Green should not be permitted to dilute the agency review process by raising it for the first time under the guise of a declaratory judgment action that challenges the finality of an appeals panel decision.

The fact that Green appeared pro se has no impact on the requirements of the review process. Courts have consistently held that pro se litigants must comply with all procedural requirements and are subject to the same standards applicable to a licensed attorney.[26]

## C. The Declaratory Judgment Act cannot be utilized to expand the scope of judicial review.

To establish a trial court's subject-matter jurisdiction to grant relief under the UDJA, a party must plead the existence of an "underlying controversy" within the scope of section 37.004 of the Civil Practice and Remedies Code.[27] However, the power of courts to issue declaratory judgments in the face of administrative proceedings is limited.[28] When a statute provides an avenue for attacking a final agency order, a declaratory judgment action directed at that order will not lie.[29] This is so because a party is generally not entitled to redundant remedies.[30] "There is no basis for declaratory relief when a party is seeking in the same action a

---

[26] *Weaver v. E-Z Mart Stores, Inc.,* 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no pet.).
[27] *Strayhorn v. Raytheon E-Sys., Inc.,* 101 S.W.3d 558, 572 (Tex. App.—Austin 2003, pet. denied).
[28] *Beacon Nat'l Ins. Co. v. Montemayor,* 86 S.W.3d 260, 267 (Tex. App.—Austin 2002, no pet.).
[29] *Id.; Young Chevrolet, Inc. v. Texas Motor Vehicle Bd.,* 974 S.W.2d 906, 911 (Tex. App.—Austin 1998, pet. denied); *Ben Robinson Co. v. Texas Workers' Comp. Comm'n,* 934 S.W.2d 149, 153 (Tex. App.—Austin 1996, writ denied).
[30] *See Young Chevrolet,* 974 S.W.2d at 911; *Ben Robinson,* 934 S.W.2d at 153.

different, enforceable remedy, and a judicial declaration would add nothing to what would be implicit or express in a final judgment for the enforceable remedy."[31] When both the underlying suit and the declaratory judgment action attack the validity of an administrative order, the court should dismiss the request for declaratory relief for want of jurisdiction.[32]

Here, Green's judicial review suit regarding whether her compensable injury was the producing cause of particular injuries after July 29, 2009 was pending before the trial court when Plaintiff amended her petition seeking a declaratory judgment action. To succeed on judicial review, Green must establish that the work injury was the producing cause of her conditions after July 29, 2009. In an effort to avoid this burden, Green artfully, through declaratory judgment action, requested the trial court declare that her injurious practices cannot be a basis for finding the work injury was not the producing cause of her conditions after July 29, 2009. Texas precedent holds that declaratory judgment actions are not available to settle disputes pending before a court.[33] Thus, Green cannot artfully plead, through the guise of declaratory judgment action, for the court to rule upon an element of her cause of action that is already pending before the trial court.[34]

Both statute and case law carve out a limited and precise role for declaratory

---

[31] *Universal Printing Co. v. Premier Victorian Homes, Inc.,* 73 S.W.3d 283, 296 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).
[32] *See, Young Chevrolet, Inc.,* 974 S.W.2d at 911.
[33] *BHP Petroleum Co. Inc. v. Millard*, 800 S.W.2d 838 (Tex. 1990).
[34] *Id.*

judgments under the UDJA. The UDJA is not meant to supplant other remedies, including the exclusive remedy provision under the Texas Labor Code. Nor is the UDJA meant to address specific agency orders. Zurich anticipates Green will cite to the *Lumbermens*[35] decision for support when, in fact, *Lumbermens* supports Zurich's position. The case involved a carrier's use of declaratory judgment to challenge the Division of Workers' Compensation's issuance of advisories. The *Lumberman* court authorized use of UDJA under this circumstance because the declaratory judgment did not target the appeals panel holding regarding the specific advisory; instead, it complained about the broader concern of the Division's role in the issuance of advisories.[36] At the same time, the court reiterated that a declaratory judgment cannot be used to challenge a specific Division decision.[37] Accordingly, "when a statute provides a specific method for attacking an agency order, a declaratory judgment action directed at that order will not lie."[38] Here, the Texas Labor Code provides the exclusive means for challenging the DWC appeals panel finding.

Green will also likely cite to *MBM Fin. Corp. v. Woodlands Operating Co.* for the proposition that the existence of another remedy does not bar a declaratory judgment action. Yet, the Texas Supreme Court, citing the Federal Rules of Civil

---

[35] *Texas Dep't of Ins., Div. of Workers' Comp. v. Lumbermens Mut. Cas.*, 212 S.W.3d 870 (Tex. 2006).
[36] *Id*. at 874.
[37] *Id.* at 875.
[38] *Id.*

Procedure, stated, "The existence of another adequate remedy does not preclude a declaratory judgment *that is otherwise appropriate*."[39] In the next sentence, the Court reiterates the UDJA "cannot be invoked when it would interfere with some other exclusive remedy or some other entity's exclusive jurisdiction."[40]

Any reliance by Green on *Texas Liquor Control Board v. Canyon Creek* or *Texas Mun. Power Agency v. Pub. Util. Comm'n* is equally misplaced. In *Texas Liquor Control Board*, the Texas Supreme Court refused to authorize use of declaratory judgment to circumvent the administrative process for addressing a suspended liquor license.[41] Again, the Court explained that an action for declaratory judgment will not be considered when there is another pending action between the parties that will adjudicate the same issues.[42]

The Austin Court of Appeals also dealt with this issue at length in *Texas Mun. Power Agency v. Public Util. Comm'n*. The case involved a suit for judicial review in district court challenging an order of the Public Utility Commission (PUC) and a subsequently filed UDJA action asking the court to construe chapters of the Public Utility Regulatory Act. The appeals court allowed both actions to proceed because the UDJA action did not duplicate the issues under judicial

---

[39] *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009)(emphasis added).
[40] *Id.*
[41] *Texas Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895-96 (Tex. 1970).
[42] *Id.*

11

review–*each action sought a distinct type of relief*.[43] The UDJA action sought a declaration regarding the agency's authority, generally, under provisions of the regulatory act; while the suit for judicial review sought a ruling on a specific PUC order.[44] However, here, the relief Green seeks through declaratory judgment is indistinct from relief available through the administrative process. Green attempts to use declaratory relief to bypass the administrative process by obtaining a ruling on the DWC order. This is not a proper use of a declaratory judgment order. Thus, the declaratory judgment action is not properly before the trial court and this Court should reverse the trial court's denial of the Plea to the Jurisdiction.

## CONCLUSION

In sum, Green cannot utilize the UDJA as an avenue for relief on the injurious practices issue. The issue was not raised at the administrative level and, thus, it was waived. As Green may not seek relief under the UDJA, her claim regarding the defense of injurious practices is barred.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Respondent, Zurich American Insurance Company respectfully requests that this Court reverse the trial court's Order Denying Texas Department of Insurance, Division of Workers'

---

[43] *Texas Mun. Power Agency v. Pub. Util. Comm'n*, 100 S.W.3d 510, 519 (Tex. App.—Austin 2003).
[44] *Id*.

Compensation's Plea to the Jurisdiction, and for such other and further relief to which Respondent may be entitled.

Respectfully submitted,

BURNS ANDERSON JURY & BRENNER, L.L.P.
P.O. Box 26300
Austin, Texas 78755-6300
(512) 338-5322 (telephone)
(512) 338-5363 (facsimile)

/s/ David Brenner
David Brenner
State Bar No. 02958020
Elizabeth Brenner
State Bar No. 24040570
dbrenner@bajb.com
Belinda May Arambula
State Bar No. 24060241
barambula@bajb.com

COUNSEL FOR RESPONDENT

13

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been forwarded to all parties listed below, on this 15th day of June 2015 in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure.

Ken Paxton, Texas Attorney General
Charles E. Roy,
First Assistant Attorney General
James E. Davis
Deputy Attorney General for Civil Litigation
David A Talbot, Jr.
Chief, Administrative Law Division
Dennis M. McKinney
Assistant Attorney General
Office of the Texas Attorney General
Administrative Law Division
P. O. Box 12548
Austin, TX 78711-2548

Bradley Dean McClellan
Law Offices of Richard Pena, P.C.
1701 Directors Blvd.
Suite 110
Austin, TX 78744

Raymond L. Kalmans
Stephen L. Brochstein
Schlanger, Silver, Barg & Paine, LLP
109 North Post Oak Lane, Ste. 300
Houston, TX 77024

/s/David Brenner
David Brenner

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4 because this brief contains 3,357 words. This brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4 because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman 14 point.

/s/ DAVID BRENNER

**APPENDIX**

1.  Green's Request for Review

2.  Zurich American Insurance Company's Plea to the Jurisdiction

3.  Zurich American Insurance Company's Original Petition for Writ of

    Mandamus

4.  First Court of Appeals Memorandum Opinion

5.  TEX. LAB. CODE § 410.251

6.  TEX. LAB. CODE § 410.302

# APPENDIX 1

Office of
Injured Employee Coun
Victoria Field Office

JAN 0 7 2010

**RECEIVED**

## TEXAS DEPARTMENT OF INSURANCE
### DIVISION OF WORKERS' COMPENSATION
### BEFORE THE APPEALS PANEL
### AUSTIN, TEXAS

CLAIMANT _Linda Maie Green_ §
§
§
§ DOCKET NO. VT-05-090621-01-CC-CC
CARRIER _Zurich American Insurance_ §
§

## CLAIMANT'S REQUEST FOR REVIEW

TO THE HONORABLE MEMBERS OF THE APPEALS PANEL.

**I.**

My name is _Linda Marie Green_ I am the Claimant in this matter. I am filing this Request for Review because I disagree with certain Findings of Fact, Conclusions of Law and other specific matters regarding the Decision and Order issued by the Hearing Officer in this matter. I am listing each disagreement separately below.

**II.**

I disagree with Finding of Fact Number #3 because I would never do anything that would harm my medical when I was placed in the Second Hospital the Rehop. DC Response after I told him Pus was coming from a Rod, Was mother-F. McGreen that's not Pus, I then had a Seizure. Full blown. Staph Infection I passed out. 9/13/05 the Nurse Stole my medince. This is when my health was hinder more.

I disagree with Finding of Fact Number #3 because My records were not fully true. because after I release my care, from DC Moon due to Zurich, Tens, telling me Dr. Moon was not following Texas w/c protocol. I then thought it was in my best interest to find me another Doctor. But he wrote a Narrative the opposite.

I disagree with Finding of Fact Number #5 because Of what he's medical records Said and what he was trying to get for my best medical. Saying that I didn't need nothing but Advil. I did attended all my therapy until my daughter's death. My Neuro: AME was Canceled by Zurich. And the medicine was mine.

I disagree with Finding of Fact Number #4 because I have to take medicine every three day for Diaybet And nerve Damage, medicine every emburring stuff And my ankle swells everyday

**III.**

Office of
Injured Employee Counsel
Victoria Field Office

JAN 0 7 2010

RECEIVED

## TEXAS DEPARTMENT OF INSURANCE
### DIVISION OF WORKERS' COMPENSATION
### BEFORE THE APPEALS PANEL
### AUSTIN, TEXAS

CLAIMANT _Linda M. Green_ §
§
§
§  DOCKET NO _VF-05-09062-1-01-CC-CC-4_
§
CARRIER _Zurich North American_ §
§

### CLAIMANT'S REQUEST FOR REVIEW

TO THE HONORABLE MEMBERS OF THE APPEALS PANEL:

**I.**

My name is _Linda M. Green_ . I am the Claimant in this matter. I am filing this Request for Review because I disagree with certain Findings of Fact, Conclusions of Law and other specific matters regarding the Decision and Order issued by the Hearing Officer in this matter. I am listing each disagreement separately below.

**II.**

I disagree with Finding of Fact Number _3_ because
Dr's that I file To The Board on and actions were taken Also 4/11/08 Dr. Francis, my Records were fabricate to Zurich's best Interest. NO, I am not mental and never suffer a mental disorder. But I do suffer from depression from my pain.

I disagree with Finding of Fact Number _____ because

_____
_____
_____
_____

I disagree with Finding of Fact Number _____ because

_____
_____
_____
_____

I disagree with Finding of Fact Number _____ because

_____
_____
_____
_____

**III.**

1

01/07/2010 08:49 8324525751 LINDA GREEN PAGE 04

**※** I disagree with Conclusion of Law Number **#3** because *I would never do anyth. to hinder my medical. The unprofessional DR's that I filed to the board did that. Because I had so many DR's due to w/c rule and w/c form. I never had any mental issues and the fatty tissue on the outside of the front right side is a cyst. I am depress*

I disagree with Conclusion of Law Number **#3** because *I never deny therapy but I ask to see the doctor 1st but never have I deny therapy and Dr. Moon was giving me shots of some kind for pain that would help me when he 1st took me off methadone for pain.*

I disagree with Conclusion of Law Number **#3** because *My Records were fixed to look as though I left without having A doctor or against my best interest. DR Zurich didn't want to approve nothing Dr Moon Request, And Zurich said he was not following Texas protocol.*

I disagree with Conclusion of Law Number **#3** because *I did what was best for me. Dr. Moon was please with me until I request to he and find me another DR. Because Zurich said he was not going to approve nothing I have records to show.*

**IV.**

**Other Matters** - In addition to the above, I would like for the Appeals Panel to consider the following: (Example: If you believe evidence was improperly admitted or not admitted over the objections of one of the parties, you might want the Appeals Panel to know your position.)

*Yes, please I have proof that evidence improperly Admitted. And I would like for the Appeals Panel to know my position. Thank you.*

*Linda Green*

Office of Injured Employee Counsel

JAN 07 2010

RECEIVED

(You may use additional pages if necessary)

**V.**

For the reasons stated above, I respectfully request that the Decision and Order of the Hearing Officer issued in this matter be reversed. In addition, I am requesting the Appeals Panel to:

*reverse the hearing officer decision in order See appeal panel # 042316, 96230 and #991594*

## CLAIMANTS REQUEST FOR REVIEW

**ATTACHMENT:**

**Claimant:** Linda Green          Docket #: VT-05090621-01

**Carrier:** Zurich American Insurance

### II

I disagree with Finding of Fact Number 4 because Medical from Orthopaedic Center in (claimant ex#2) states a condition of parestheias, numbness and pain down left leg would be permanent due to the injury to my L1 vertebrae body and the residual neuropathy, (Pg 2) states I will have chronic pain, be in abrace permanently, (pg 8) notes other surgery may be necessary in the future. Also (claimant ex#5) medical records from Dr. Ronald Moon from October 2008 through March 2009 shows the need for continued treatment and medications. (claimants ex#6) Therapy Records which show I was cooperative. (claimants ex#9) Report from Dr. Thomas Powell which states continued treatment is needed and that I have been compliant. (claimants ex#10) Medical report from designated doctor assessed a 55% impairment. (claimants ex#12) Medical Report from Dr. William Lupinacci shows that I have continued problems and that I need referrals for treatment of my injuries. (claimant ex#14) Medical from Dr. Michael Kendrick states he reviewed my extensive records and finds I need epidurals and medications.

### III

I disagree with Conclusion of Law Number 3 because Medical from Orthopaedic Center in (claimant ex#2) states a condition of parestheias, numbness and pain down left leg would be permanent due to the injury to my L1 vertebrae body and the residual neuropathy, (Pg 2) states I will have chronic pain, be in abrace permanently, (pg 8) notes other surgery may be necessary in the future. Also (claimant ex#5) medical records from Dr. Ronald Moon from October 2008 through March 2009 shows the need for continued treatment and medications. (claimants ex#6) Therapy Records which show I was cooperative. (claimants ex#9) Report from Dr. Thomas Powell which states continued treatment is needed and that I have been compliant. (claimants ex#10) Medical report from designated doctor assessed a 55% impairment. (claimants ex#12) Medical Report from Dr. William Lupinacci shows that I have continued problems and that I need referrals for treatment of my injuries. (claimant ex#14) Medical from Dr. Michael Kendrick states he reviewed my extensive records and finds I need epidurals and medications.

# APPENDIX 2

## CAUSE NO. 2010-25688

| | | |
|---|---|---|
| LINDA M. GREEN | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 133RD JUDICIAL DISTRICT |
| | § | |
| ZURICH AMERICAN INSURANCE | § | |
| COMPANY | § | HARRIS COUNTY, TEXAS |

## PLEA TO THE JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Zurich American Insurance Company, Defendant, in the above entitled and numbered cause, and files this, its Plea to the Jurisdiction, as this Court lacks jurisdiction, pursuant to section 410.302 of the Texas Labor Code, with regard to two issues raised by the Plaintiff's Original Petition for Judicial Review, and for same would show unto the Court the following:

## I.
### Introduction

1.     This lawsuit is a judicial review that arises out of a workers' compensation claim filed by Plaintiff Linda M. Green with the Texas Department of Insurance, Division of Workers' Compensation ("Division").

2.     Following a December 10, 2009 contested case hearing, the only issue to be decided was: "Does the compensable injury of August 2, 2005 sustained by the claimant extend to include an the left ankle fracture, compression fracture L1 and T12-cconditions on or after 7/29/09?"[1] The hearing officer decided that the compensable injury of August 2, 2005 sustained by the claimant

---

[1] *See* Exhibit to Plaintiff's Petition, Decision and Order of December 14, 2009.

does not extend to include the left ankle fracture, compression fracture L1 and T12-L2 conditions on or after 7/29/09."[2]

3.      No other issues were decided by the hearing officer.

4.      This hearing officer's decision became final by the Appeals Panel letter of March 12, 2010.[3]

5.      Plaintiff filed her Original Petition for Judicial Review requesting that this Court address four issues. First, whether the claimant did not comply with physical therapy on several occasions; second, removal of cast; third, medication; and fourth, hindered recovery. No other issues were raised by judicial review and no relief was specifically requested of this Court. Because Plaintiff seeks review of issues not considered by the appeals panel, this Court must dismiss for want of jurisdiction.

## II.
## AUTHORITY

6.      Section 410.302 of the Texas Labor Code limits the issues that can be raised at trial to those issues decided by the appeals panel, as follows: "(b) A trial under this subchapter is limited to issues decided by the appeals panel and on which judicial review is sought. The pleadings must specifically set forth the determinations of the appeals panel by which the party is aggrieved."[4]

7.      The issues raised by Plaintiff were not decided at the contested case hearing, or by the Appeals Panel and, pursuant to section 410.302 of the Texas Labor Code, they cannot be raised for the first time at trial. This Court, respectfully, lacks jurisdiction to entertain issues not decided by the appeals panel.

---

[2] *Id.*
[3] *Id.*
[4] TEX. LAB. CODE § 410.302 (2009).

**III.**
**CONCLUSION**

8.       Since the hearing officer and the appeals panel did not make a decision with regard to other injuries and the impairment rating, in accordance with section 410.302 of the Texas Labor Code, this Court is without jurisdiction to address these issues at trial.

WHEREFORE, PREMISES CONSIDERED, Defendant Zurich American Insurance Company prays that this Plea to the Jurisdiction to be granted, that this cause be dismissed, and that Defendant be granted such other and further relief which it may show itself to be entitled.

Respectfully submitted,

BURNS ANDERSON JURY & BRENNER, L.L.P.
P.O. Box 26300
Austin, TX 78755-6300
(512) 338-5322
(512) 338-5363 (Telecopier)

David Brenner
State Bar No. 02958020
dbrenner@bajb.com
Belinda May
State Bar No. 24060241
barambula@bajb.com

Attorneys for Defendant
Zurich American Insurance Company

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been forwarded this ⟨27⟩ day of May 2010 in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure to the following:

**VIA CERTIFIED MAIL # 7010 0290 0002 4014 8767**

Linda M. Green
2031 Longleaf Dr. Apt. A
Hoover, AL 35216

David Brenner

# APPENDIX 3

ACCEPTED
221EFJ017209235
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12 December 3 P12:52
M KARINNE McCULLOUGH
CLERK

NO. _____

IN THE
COURT OF APPEALS
FOR THE
FOURTEENTH DISTRICT
HOUSTON, TEXAS

In Re: Zurich American Insurance Company

Respondent: Hon. Jaclanel McFarland

Real Party in Interest: Linda M. Green

On Mandamus from Cause No. 2010-25688
In the 133rd Judicial District Court
Harris County, Texas

## ORIGINAL PETITION FOR WRIT OF MANDAMUS

DAVID BRENNER
BELINDA MAY ARAMBULA
BURNS ANDERSON JURY & BRENNER
P.O. Box 26300
Austin, Texas 78755-6300
512-338-5322 (telephone)
512-338-5363 (facsimile)

ATTORNEYS FOR RELATORS, ZURICH
AMERICAN INSURANCE COMPANY

ORAL ARGUMENT REQUESTED

## THE PARTIES

The parties to the application are:

(a) Relator is Zurich American Insurance Company, whose attorneys are David Brenner and Belinda May Arambula, Burns Anderson Jury & Brenner, L.L.P., P.O. Box 26300, Austin, TX 78755.

(b) Intervenor and Defendant is the Texas Department of Insurance, Division of Workers' Compensation, who is represented by the Attorney General of the State of Texas, Dennis M. McKinney, P. O. Box 12548, Capital Station, Austin, TX 78711-2548.

(c) The Honorable Jaclanel McFarland, Judge of the 133rd Judicial District Court, Harris County, Texas, 133rd Judicial District Court, 201 Caroline, 11th Floor, Houston TX 77002, as respondent, being the presiding judge who has issued the order from which relator seeks relief; and

(d) Linda M. Green, the Plaintiff and a real party at interest herein, whose attorney is Bradley McClellan, Law Offices of Richard Pena, P.C., 1701 Directors Blvd., Suite 110, Austin TX 78744.

ii

# TABLE OF CONTENTS

THE PARTIES .............................................................................................. ii

INDEX OF AUTHORITIES ........................................................................ iv

STATEMENT OF THE CASE ...................................................................... v

STATEMENT OF JURISDICTION ............................................................ vi

ISSUE PRESENTED .................................................................................. vii

    Issue 1: Does the Declaratory Judgment Act confer jurisdiction on a court to
    address an issue that is statutorily subject to the judicial review process
    identified by the Texas Labor Code and that was not timely and properly
    presented to the Appeals Panel? ............................................................. vii

STATEMENT OF FACTS ............................................................................. 2

SUMMARY OF THE ARGUMENT ............................................................ 3

ARGUMENTS AND AUTHORITIES ......................................................... 4

    A.    The standard of review. ................................................................. 4

    B.    The Texas Labor Code limits suits for judicial review to those issues
    addressed by the appeals panel after the exhaustion of administrative remedies. ....... 4

    C.    The Declaratory Judgment Act cannot be utilized to expand the scope of
    judicial review ............................................................................... 6

PRAYER ....................................................................................................... 8

CERTIFICATE OF SERVICE .................................................................... 10

APPENDIX ................................................................................................. 11

# INDEX OF AUTHORITIES

## Cases

*Beacon Nat'l Ins. Co. v. Montemayor,*
86 S.W.3d 260 (Tex. App.—Austin 2002, no pet.)..................................................... 7

*Ben Robinson Co. v. Texas Workers' Comp. Comm'n,*
934 S.W.2d 149 (Tex. App.—Austin 1996, writ denied)............................................ 7

*BHP Petroleum Co. Inc. v. Millard,*
800 S.W.2d 838 (Tex. 1990) ..................................................................................... 8

*ESIS, Inc., Serv. Contractor v. Johnson,*
908 S.W.2d 554 (Tex. App.—Fort Worth 1995, writ denied). .................................. 5

*Harris County Emergency Serv. Dist. No. 1 v. Miller,*
122 S.W.3d 218 (Tex. App.—Houston [1st Dist.] 2003, no pet.)................................ 6

*In re Texas Mut. Ins. Co.,*
321 S.W.3d 655 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ....................... vi, 4

*Strayhorn v. Raytheon E-Sys., Inc.,*
101 S.W.3d 558 (Tex. App.—Austin 2003, pet. denied) ........................................... 7

*Universal Printing Co. v. Premier Victorian Homes, Inc.,*
73 S.W.3d 283 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) .......................... 7

*Walker v. Packer,*
827 S.W.2d 833 (Tex. 1992) ..................................................................................... 4

*Young Chevrolet, Inc. v. Texas Motor Vehicle Bd.,*
974 S.W.2d 906 (Tex. App.—Austin 1998, pet. denied) ........................................... 7

## Statutes

TEX. GOV'T CODE § 22.221 ...................................................................................... vi

TEX. LAB. CODE § 410.251 ....................................................................................... 4

TEX. LAB. CODE § 410.302 ....................................................................................... 5

## STATEMENT OF THE CASE

**Nature of underlying proceeding:**

The underlying proceeding is a workers' compensation judicial review lawsuit in which Plaintiff also seeks declaratory relief. Plaintiff Linda M. Green ("Green") filed suit against Zurich American Insurance Company ("Zurich"), seeking judicial review of a Texas Department of Insurance, Division of Workers' Compensation ("DWC") Appeals Panel decision affirming that her compensable injury of August 2, 2005 does not extend to include the left ankle fracture, compression fracture L1, and T12-L2 conditions on or after July 29, 2009. Green then amended her lawsuit seeking declaratory relief that the hearing officer at the DWC inappropriately permitted the defense of injurious practices. DWC then intervened. Both Zurich and DWC challenged the jurisdiction of the trial court to entertain declaratory relief.

**Respondent:**

The respondent is Judge Jaclanel McFarland of the 133rd Judicial District Court of Harris County Texas.

**Respondent's action from which Relator seeks relief:**

Zurich ("Relator") is seeking mandamus relief from the trial court's denial of the plea to the jurisdiction.

## STATEMENT OF JURISDICTION

The Court has power to grant the writ of mandamus pursuant to sections 22.221(a) and (b) of the Texas Government Code. Issuance of the writ is proper when a trial court erroneously denied a plea to the jurisdiction. *In re Texas Mut. Ins. Co.*, 321 S.W.3d 655 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

## ISSUE PRESENTED

The trial court has elected to exercise declaratory judgment jurisdiction on an issue that is properly only addressed through the judicial review process of the Texas Labor Code, on an issue not previously addressed by the appeals panel, and which is targeted toward an element of a dispute pending before the court.

**Issue 1:** **Does the Declaratory Judgment Act confer jurisdiction on a court to address an issue that is statutorily subject to the judicial review process identified by the Texas Labor Code and that was not timely and properly presented to the Appeals Panel?**

NO. _____

### IN THE
### COURT OF APPEALS
### FOR THE
### FOURTEENTH DISTRICT
### HOUSTON, TEXAS

---

In Re: Zurich American Insurance Company

---

Respondent: Hon. Jaclanel McFarland

Real Party in Interest: Linda M. Green

---

On Mandamus from Cause No. 2010-25688
In the 133rd Judicial District Court
Harris County, Texas

---

TO THE HONORABLE COURT OF APPEALS OF TEXAS:

In accordance with the requirements of Rule 52 of the Texas Rules of Civil Procedure, Zurich, as Relator, seeks the issuance of a writ of mandamus against Respondent, the Honorable Jaclanel McFarland, Judge of the 133rd Judicial District Court, Harris County, Texas.

Zurich seeks mandamus relief because the trial court erroneously overruled the challenge to its jurisdiction to entertain declaratory judgment in a workers' compensation judicial review proceeding, on an issue not addressed or presented to the appeals panel and targeting a subpart of an issue on judicial review. Mandamus is necessary because an appeal is an inadequate remedy.

1

## STATEMENT OF FACTS

This lawsuit is a judicial review proceeding that arises out of a workers' compensation claim filed by Green with the DWC. Following a December 10, 2009 contested case hearing, the only issue to be decided was: "Does the compensable injury of August 2, 2005 sustained by the claimant extend to include the left ankle fracture, compression fracture L1 and T12-conditions on or after 7/29/09?"[1] The hearing officer decided that the compensable injury of August 2, 2005 sustained by the claimant does not extend to include the left ankle fracture, compression fracture L1 and T12-L2 conditions on or after 7/29/09.[2] No other issues were decided by the hearing officer. Specifically, there was no challenge or issue relating to the validity of the injurious practice defense.

Green filed a request for review to the DWC's appeals panel.[3] In her request for review, Green did not challenge the hearing officer's consideration of her injurious practices.[4] Green limited her request for review to certain findings of fact, conclusions of law, and evidentiary issues, but it is completely void of a challenge to the defense of injurious practices.[5]

On April 22, 2010, Plaintiff filed an Original Petition seeking judicial review of four issues never decided the by DWC.[6] Whether the claimant did not comply with physical therapy on several occasions; second, removal of cast; third, medication; and fourth, hindered recovery. No other issues were raised by judicial review and no relief

---

[1] *See* Plaintiff's Original Petition, Appendix 1.
[2] *Id.*
[3] *See* Claimant's Request for Review, Appendix 18.
[4] *Id.*
[5] *Id.*
[6] Plaintiff's Original Petition, Appendix 1.

2

was specifically requested of the trial court. Again, specifically, there was no objection or request for declaratory relief sought with respect to the injurious practices.

On September 12, 2011, after the statute of limitations for judicial review proceedings expired, Plaintiff filed an Amended Petition, for the first time seeking review of the DWC's decision and a declaratory action.[7] Through the declaratory action, Green, for the first time, complained that the DWC hearing officer inappropriately permitted the defense of injurious practices.

Zurich filed a Plea to the Jurisdiction challenging the trial court's authority to entertain Green's declaratory judgment action.[8] The DWC intervened in the litigation, also challenging the trial court's authority to entertain a declaratory judgment action.[9] After a hearing, the trial court denied both Pleas to the Jurisdiction.[10]

## SUMMARY OF THE ARGUMENT

In workers' compensation cases, judicial review is limited to issues decided by the appeals panel and a party may not seek review on issues the party did not present to the appeals panel. A trial court may not enlarge this scope of review by considering issues, or evidence probative of issues, that were not determined by the DWC's appeals panel. Nor may a party circumvent the statutorily mandated limitations by asserting a declaratory judgment action. When a statute provides an avenue for attacking a final agency order, a declaratory-judgment action directed at that order will not lie. This is so because a party is generally not entitled to redundant remedies. When both the underlying

---

[7] *See* Plaintiff's First Amended Petition, Appendix 59.
[8] Zurich's Plea to the Jurisdiction, Appendix 25.
[9] DWC's Intervention and Plea to the Jurisdiction, Appendix 37.
[10] Order denying Plea to the Jurisdiction, Appendix 99.

3

suit and the declaratory judgment action attack the validity of an administrative order, the court should dismiss the request for declaratory relief for want of jurisdiction.

Green never challenged the availability of the defense of injurious practices at the administrative level. It was not until the pendency of judicial review, that Green for the first time sought a declaration that the defense of injurious practices was invalid. The declaratory judgment action is not properly before this Court and should be dismissed for want of jurisdiction.

## ARGUMENTS AND AUTHORITIES

### A. The standard of review.

Mandamus relief is available when the trial court clearly abuses its discretion and when there is no other adequate remedy at law.[11] Issuance of the writ is proper when a trial court erroneously denied a plea to the jurisdiction.[12]

### B. The Texas Labor Code limits suits for judicial review to those issues addressed by the appeals panel after the exhaustion of administrative remedies.

The Texas Labor Code provides that a party that has exhausted its administrative remedies under this subtitle and is aggrieved by a final decision of the appeals panel may seek judicial review.[13] The Texas Labor Code limits the issues that can be raised on judicial review at trial to those issues decided by the appeals panel, as follows: "(b) A trial under this subchapter is limited to issues decided by the appeals panel and on which

---

[11] *Walker v. Packer*, 827 S.W.2d 833, 839-30 (Tex. 1992).
[12] *In re Texas Mutual Ins. Co.*, 321 S.W.3d 655.
[13] TEX. LAB. CODE § 410.251.

4

judicial review is sought."[14] The pleadings must specifically set forth the determinations of the appeals panel by which the party is aggrieved.[15] There is no provision in the Texas Workers' Compensation Act authorizing the trial court to enlarge this scope of review by considering issues, or evidence probative of issues, that were not determined by the DWC's appeals panel.[16]

Texas courts explain that a failure to raise a defense and, by logical extension a challenge to the defense, at any stage of the administrative review process waives the defense and, by extension, a challenge to the defense.[17] In *ESIS, Inc. Serv. Contractors v. Johnson*, the court explained that the employer's failure to raise the intoxication defense at the administrative review process waives the defense and the trial court is barred from adjudicating the issue on appeal. The court held that the defense must be raised by the employer at the administrative level in order to be preserved for appeal to the trial court. Green never raised a challenge to the availability or validity of the injurious practice defense at the administrative level.

Green never challenged the availability of the defense of injurious practices at the administrative level. It was not until September 13, 2011, during the pendency of judicial review, that Green for the first time objected to the defense of injurious practices and sought a declaration that the defense is invalid. This issue was not properly before the trial court. The validity of the defense was never raised at the administrative review. Issues that were not decided at the contested case hearing, or by the appeals panel,

---

[14] TEX. LAB. CODE § 410.302.
[15] *Id.*
[16] *ESIS, Inc., Serv. Contractor v. Johnson*, 908 S.W.2d 554 (Tex. App.—Fort Worth 1995, writ denied).
[17] *Id.* at 562.

5

pursuant to section 410.302 of the Texas Labor Code, cannot be raised for the first time at trial. Thus, the trial court lacks jurisdiction to entertain issues not decided by the appeals panel. Moreover, challenges to the defense that are never raised at the administrative level are waived.

In *Harris County Emergency Serv. Dist. v. Miller*, the Houston Court of Appeals explained that HCESD's failure to respond to Miller's request for review of the contested case hearing offer's decision to the DWC's appeals panel was a failure to exhaust administrative remedies.[18] The court held because HCESD failed to establish its right to proceed on judicial review, the trial court should have rendered a take-nothing judgment. The court further noted "[t]he vitality and thoroughness of the agency-review process will fast be diluted if parties are allowed the option to participate or not in the successive phases."[19] Likewise, here, Green did not raise a challenge to the defense of injurious practices on request for review to the appeals panel. Green should not permitted to dilute the agency review process by raising it for the first time under the guise of a declaratory judgment action that challenges the finality of an appeals panel decision.

## C. The Declaratory Judgment Act cannot be utilized to expand the scope of judicial review

To establish a trial court's subject-matter jurisdiction to grant relief under the Uniform Declaratory Judgment Act, a party must plead the existence of an "underlying controversy" within the scope of section 37.004 of the Civil Practice and Remedies

---

[18] *Harris County Emergency Serv. Dist. No. 1 v. Miller*, 122 S.W.3d 218 (Tex. App.—Houston [1st Dist.] 2003, no pet.)
[19] *Id.* at 225.

6

Code.[20] However, the power of courts to issue declaratory judgments in the face of administrative proceedings is limited.[21] When a statute provides an avenue for attacking a final agency order, a declaratory-judgment action directed at that order will not lie.[22] This is so because a party is generally not entitled to redundant remedies.[23] "There is no basis for declaratory relief when a party is seeking in the same action a different, enforceable remedy, and a judicial declaration would add nothing to what would be implicit or express in a final judgment for the enforceable remedy.[24] When both the underlying suit and the declaratory judgment action attack the validity of an administrative order, the court should dismiss the request for declaratory relief for want of jurisdiction.[25]

Here, Green's judicial review suit regarding whether her compensable injury was the producing cause of particular injuries after July 29, 2009 was pending before the trial court, when Plaintiff amended her petition seeking a declaratory judgment action. To succeed on judicial review, Green must establish that the work injury was the producing cause of her conditions after July 29, 2009. In an effort to avoid this burden, Green artfully, through declaratory judgment action, requested the trial court declare that her injurious practices cannot be a basis for finding the work injury was not the producing cause of her conditions after July 29, 2009. Texas precedent holds that declaratory

[20] *Strayhorn v. Raytheon E-Sys., Inc.,* 101 S.W.3d 558, 572 (Tex. App.—Austin 2003, pet. denied).
[21] *Beacon Nat'l Ins. Co. v. Montemayor,* 86 S.W.3d 260, 267 (Tex. App.—Austin 2002, no pet.).
[22] *Id.; Young Chevrolet, Inc. v. Texas Motor Vehicle Bd.,* 974 S.W.2d 906, 911 (Tex. App.—Austin 1998, pet. denied); *Ben Robinson Co. v. Texas Workers' Comp. Comm'n,* 934 S.W.2d 149, 153 (Tex. App.—Austin 1996, writ denied).
[23] *See Young Chevrolet,* 974 S.W.2d at 911; *Ben Robinson,* 934 S.W.2d at 153.
[24] *Universal Printing Co. v. Premier Victorian Homes, Inc.,* 73 S.W.3d 283, 296 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).
[25] *See, Young Chevrolet, Inc.,* 974 S.W.2d at 911.

7

judgment actions are not available to settle disputes pending before a court.[26] Thus, Green cannot artfully plead, through the guise of declaratory judgment action, for the court to rule upon an element of her cause of action that is already pending before the trial court.[27]

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Relator, Zurich American Insurance Company respectfully requests that:

1.   This Court issue a writ of mandamus directed to Respondent, commanding her to rescind her order denying the plea to the jurisdiction and order that the Plaintiff's declaratory judgment claims be dismissed for want of jurisdiction.

2.   This Court grant such other and further relief to which Relator may, by this pleading or proper amendment thereto, show itself to be justly entitled.

Respectfully Submitted,

BURNS ANDERSON JURY & BRENNER, L.L.P.
P.O. Box 26300
Austin, Texas 78755-6300
512-338-5322 (telephone)
512-338-5363 (facsimile)

BY: _____
David Brenner
Attorney in Charge
State Bar No. 02958020
dbrenner@bajb.com
Belinda May Arambula
State Bar No. 24060241
barambula@bajb.com
ATTORNEYS FOR RELATOR

---

[26] *BHP Petroleum Co. Inc. v. Millard*, 800 S.W.2d 838 (Tex. 1990).
[27] *Id.*

8

STATE OF TEXAS                                 §
                                               §
COUNTY OF TRAVIS                               §

BEFORE ME, the undersigned notary public, on this day personally appeared David Brenner, duly sworn by me on his oath deposed and said that he is attorney for Relator in the above-entitled and numbered cause; that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record; that the documents attached to the appendix are true and correct copies of the records filed by the parties in the Harris County District Clerk's office associated with the underlying proceeding.

David Brenner

SUBSCRIBED AND SWORN TO BEFORE ME on this the 3rd day of December, 2012, to certify which witness my hand and official seal.

Notary Public in and for
Travis County, Texas

Sue Sewell
Notary Public,
State of Texas
Comm. Exp. 01-09-14

9

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of this original petition for writ of mandamus has been served upon the following listed individuals in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure on this _3_ day of December 2012.

Bradley Dean McClellan
Law Offices of Richard Pena, P.C.
2028 East Ben White, Suite 220
Austin, TX 78741

Greg Abbott
Daniel T. Hodge
David C. Mattax
David A. Talbot
Dennis M. McKinney
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548

David Brenner

10

# APPENDIX 4

Opinion issued October 22, 2013



In The

# Court of Appeals

For The

## First District of Texas

---

### NO. 01-12-01094-CV

---

## IN RE ZURICH AMERICAN INSURANCE COMPANY, Relator

---

## Original Proceeding on Petition for Writ of Mandamus[1]

---

## MEMORANDUM OPINION

By petition for writ of mandamus, Relator Zurich American Insurance Company challenges the trial court's denial of a plea to the jurisdiction.

We **deny** relator's petition for writ of mandamus. All outstanding motions are **dismissed as moot**.

---

[1] The underlying cause of action is *Linda M. Green v. Zurich American Insurance Co.*, in the District court of Harris County, Texas, 133rd Judicial District, cause no. 2010-25688.

**PER CURIAM**

Panel consists of Justices Jennings, Sharp, and Brown.

# APPENDIX 5

Vernon's Texas Statutes and Codes Annotated
    Labor Code (Refs & Annos)
        Title 5. Workers' Compensation
            Subtitle A. Texas Workers' Compensation Act
                Chapter 410. Adjudication of Disputes (Refs & Annos)
                    Subchapter F. Judicial Review--General Provisions
                            V.T.C.A., Labor Code § 410.251

### § 410.251. Exhaustion of Remedies

Currentness

A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review under this subchapter and Subchapter G,[1] if applicable.

**Credits**
Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993.

**Editors' Notes**

### REVISOR'S NOTE

#### 2006 Main Volume

The source law refers to judicial review under "this chapter," meaning Chapter F of Article 6 of the Texas Workers' Compensation Act (V.A.C.S. Article 8308-6.61 et seq.). That statute is revised in this chapter as this subchapter and Subchapter G, and the revised law reflects this change.

Notes of Decisions containing your search terms (0)
View all 166

Footnotes
1
        V.T.C.A., Labor Code § 410.301 et seq.

V. T. C. A., Labor Code § 410.251, TX LABOR § 410.251

Current through the end of the 2011 Regular Session and First Called Session of the 82nd LegislatureEnd of Document

© 2012 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX 6

Vernon's Texas Statutes and Codes Annotated
　Labor Code (Refs & Annos)
　　Title 5. Workers' Compensation
　　　Subtitle A. Texas Workers' Compensation Act
　　　　Chapter 410. Adjudication of Disputes (Refs & Annos)
　　　　　Subchapter G. Judicial Review of Issues Regarding Compensability or Income or Death Benefits
　　　　　　V.T.C.A., Labor Code § 410.302

§ 410.302. Admissibility of Records; Limitation of Issues

Effective: September 1, 2005

Currentness

(a) The records of a contested case hearing conducted under this chapter are admissible in a trial under this subchapter in accordance with the Texas Rules of Evidence.

(b) A trial under this subchapter is limited to issues decided by the appeals panel and on which judicial review is sought. The pleadings must specifically set forth the determinations of the appeals panel by which the party is aggrieved.

**Credits**
Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2005, 79th Leg., ch. 265, § 3.204, eff. Sept. 1, 2005.

Notes of Decisions containing your search terms (0)
View all 69

V. T. C. A., Labor Code § 410.302, TX LABOR § 410.302

Current through the end of the 2011 Regular Session and First Called Session of the 82nd LegislatureEnd of Document

© 2012 Thomson Reuters. No claim to original U.S. Government Works.